## Case No. 4,852.

### FLANDERS v. AETNA INS. CO.

[3 Mason, 158.] [1]

Circuit Court, D. New Hampshire. May Term, 1823.

Cushman and Bartlett, for plaintiff.
E. Cutts and Mr. Mason, for defendants.

STORY, Circuit Justice. By the judiciary act of 1789, § 11, the circuit court has jurisdiction of suits "between a citizen of the state where the suit is brought, and a citizen of another state." If the case stood

singly upon this clause, there would be an end of this objection, for this suit falls precisely within the description. The case of Deveaux v. Bank of U. S., 5 Cranch [9 U. S.] 61, has decided, that the jurisdiction attaches in a suit where the corporation, which is a party to the suit, is composed of citizens of the state, in the same manner as if it were against the same persons in their private capacities. In other words, the court will look behind the artificial entity, the corporation, to see who are the persons really parties in interest. But the same section (section 11) goes on to provide, that no civil suit shall be brought before the circuit court "against any inhabitant of the United States by any original process in any other district, than that whereof he is an inhabitant, or in which he shall be found at the time of the serving the writ." Upon this principle, there may perhaps be difficulty in averring, that the present corporation has any inhabitancy or commorancy at all. But it is averred in the writ, that it is composed of citizens of Connecticut, and of course of persons having an inhabitancy there. The objection would therefore be fatal, if it had been interposed in the first instance. But it has been uniformly held, that this clause does not per se oust the jurisdiction, but is a privilege given to the defendant, of which he may avail himself at a proper time, or which he may waive at his pleasure. The entering of an appearance generally has been held to be a waiver of it, and an admission of a due and effectual service to compel the party to answer. Pollard v. Dwight, 4 Cranch [8 U. S.] 421; Knox v. Summers, 3 Cranch [7 U. S.] 496; Logan v. Patrick, 5 Cranch [9 U. S.] 288; Harrison v. Rowan [Case No. 6,140]; Gracie v. Palmer, 8 Wheat. [21 U. S.] 699. In the present case, a general appearance has been entered, and steps taken towards the trial of the cause, as a cause rightfully in court. I think, therefore, the motion must be overruled. Motion overruled accordingly.