Trinity & Sabine Railway Company v. Mrs. Evie Brown.

No. 631.—Decided May 16, 1898.

**1. Railway—Receiver or Agent—Burden of Proof.**

Where a petition seeking recovery from a railway company for the death of a fire-man employed in operating its road, alleged that the road was operated and its operatives employed by such company in connection with another as its pretended lessee and E. and C., acting as its receivers, but without authority except as mere agents, the burden of proof was upon plaintiff to show that the possession and oper-ation of the road by the receivers was illegal. (P. 677.)

**2. Same—Receivers—Agency.**

Persons purporting to act as receivers of a railway company are not presumably its agents. (P. 677.)

**3. Federal Courts—Receivers—Jurisdiction—State Lines.**

The jurisdiction of the Circuit Court of the United States does not extend beyond the limits of the State in which it sits, and a receivership created by such court over the property of a railroad company in a State other than that in which the court is established is void. (P. 677.)

**4. Same—Within State—Outside of District.**

Process from such court may issue from one district to another within the same State, the right of defendant to be sued in the district of his residence being a per-sonal privilege which he may waive,—in which case foreclosure of a mortgage, and sale of property, and receivership thereof pending same, may be had where the prop-erty is within the State but without the district. (P. 678.)

**5. Same.**

The power to appoint a receiver is inherent in the court of chancery, and such ap-pointment may be made whenever the property lies in any part of the territory sub-ject to the process of the court. (P. 679.)

**6. Same—Case Stated.**

Receivers of the M., K. & T. Railway and other allied roads lying in Missouri, Kansas and Texas, were appointed by the United States Circuit Court in Missouri, and by ancillary suit in the Northern District of Texas the same persons were ap-pointed receivers of defendant company's road, which was situated wholly within the Eastern District of Texas. Such latter appointment was not void for want of jurisdiction in the court. (Pp. 678, 679.)

Questions certified from the Court of Civil Appeals for the First District, in an appeal from Trinity County.

*T. S. Miller, Sam T. Robb* and *Stevenson & Stevenson,* for appel-lant.—The trial court erred in not granting this defendant a new trial in this cause because plaintiff failed to make out her case as set forth ⌐o her first amended original petition; because plaintiffs allege in said first amended original petition that this defendant, in connection with its co-defendant, the Missouri, Kansas & Texas Railway Company, acting as a pretended lessee, but without legal right except as agent, and in con-nection with Eddy and Cross as receivers of the Missouri, Kansas & Texas Railway and said Trinity & Sabine Railway, but without author-ity, except as mere agents, operated said Trinity & Sabine Railroad as common carriers of passengers and of freight for hire, and plaintiffs offered no evidence in support of these allegations.

The certified copies of records of the Federal court at Waco, and described in the above assignments of error, should have been admitted in evidence; said testimony being material to appellant in its defense, because it showed that at the time the said Nolte was killed, the railroad of appellant was rightfully and legally in the hands of the receivers, Eddy and Cross, and because at the time said Nolte was killed and at the time of the institution of this suit, receivers of railroads were not liable as such for injuries negligently inflicted upon and resulting in the death of an employe, and a recovery could not be adjudged against receivers therefor, nor could a recovery be adjudged against the railroad company after its railroad and railroad property was returned to it by such receivers at the expiration of said receivership; and if appellants' railroad and railroad property were in the hands of said receivers at the time of the accident, appellant is not liable to plaintiff for the death of her husband.   Turner v. Cross and Eddy, 83 Texas, 218; Robinson v. Migel, 83 Texas, 609; Railway v. Delesdenier, 84 Texas, 82; Yoakum v. Selph, 83 Texas, 607; Bonner v. Thomas, 20 S. W. Rep., 722; Dillingham v. Scales, 24 S. W. Rep., 975; Merch. Trust Co. v. Railway, 41 Fed. Rep., 8; Same v. Same, 48 Fed. Rep., 351.

A judgment of a United States court sitting in a particular State, occupies in that State the same footing as a domestic judgment of a superior court of record of that State.   Rev. Stats., U. S., sec. 905; 12 Am. & Eng. Encycl., Law, 148k and 148l; Tucker v. Thompson, 3 McLean, 94; Buford v. Hickman, Hemp., 232; Rev. Stats., Texas, arts. 1138, 1139.

The court erred in sustaining plaintiff's fourth objection to the introduction of the certified copies of the records of the Circuit Court of the United States for the Northern District of Texas, at Waco, on the ground that said Federal Court at Waco had no jurisdiction of defendant's road in that particular suit,—said court being for the Northern District of Texas, and defendant's road being in the eastern district of said State.   Said objection is an attempt to impeach collaterally the order and proceedings of the court extending said receivership to defendant's road.

*T. S. Miller* and *Marshall Thomas*, for appellant, in a written argument upon the certified questions, also cited:  Railway v. Gay, 86 Texas, 571; Railway v. Johnson, 76 Texas, 429; High, Receivers, 2, 3; 1 Greenleaf, Evidence, secs. 78, 80; Knevals v. Railway, 66 Fed Rep., 229; Goodwin v. Smith, 37 Am. Rep., 146, and note, 148; Improvement Co. v. Gibney, 160 U. S., 217; Trust Co. v. McGeorge, 151 U. S., 129; Smith v. Railway, 64 Fed Rep., 1.

*N. A. Cravens, Adams & Adams, C. G. Clegg,* and *Powell, Ball & Randolph,* for appellee.—The trial court did not err in overruling defendant's exception .to plaintiff's amended original petition, neither did the Court err in refusing to grant appellant a new trial, nor in refusing

to give the jury special charge No. 1, asked by defendant for this: (1) Said pretended receivership was void because said receivers were appointed by a court without jurisdiction of the subject matter. (2) Defendant set out in full the facts in reference to said pretended receivership in its several answers filed herein, which showed said receivership to be void. Defendant was bound by what it plead, and plaintiff was not called on to prove what defendant admitted in its pleadings, nor to twice prove that said receivership was void, as defendant had already offered evidence of this fact in its plea in abatement. (3) The defendant submitted its plea in abatement to the court without the intervention of a jury, offered evidence under same, submitted the law to the court as well as the facts under said plea, and the court having considered same entered judgment against defendant thereon, and it was not entitled under the law to have this issue again submitted. Burkitt v. Sloan, decided at present term of this court.

The court did not err in excluding the evidence set out in appellant's assignments for the reasons set forth in plaintiff's nine exceptions thereto. Railway v. Gay, 86 Texas, 571; Railway v. Morris, 3 S. W. Rep., 457; Railway v. Underwood, 67 Texas, 589, 69 Texas, 308; Railway v. Culberson, 10 S. W. Rep., 706; Railway v. Lane, 15 S. W. Rep., 477; Boone, Corporations, sec. 175.

GAINES, Chief Justice.—The following questions have been certified for our determination by the Court of Civil Appeals for the First Supreme Judicial District:

"The appellee recovered judgment against appellant for the death of her former husband, Lewis Nolte. This suit was instituted against appellant, the Missouri, Kansas & Texas Railway, and Geo. A. Eddy and H. C. Cross, receivers. Nolte was killed on April 2, 1890, while performing the duties of engine fireman upon appellant's road, and one of appellant's defenses to the suit was that their road, at the time of the death of Nolte, was in the exclusive possession and control of defendants, Cross and Eddy, receivers of the property appointed by the United States Circuit Court holding sessions in the city of Waco, Texas. On the 18th of September, 1889, in the suit of The Mercantile Trust Company v. Missouri, Kansas & Texas Railway, Missouri Pacific Railway, The East Line & Red River Railway Company, The Dallas & Wichita Railway Company, The Dallas & Waco Railway Company, The Dallas & Gatesville Railway Company, The Gainesville, Henrietta & Western Railway Company, The Taylor, Bastrop & Houston Railway Company, and the appellant, The Trinity & Sabine Railway Company, the order appointing the said Cross and Eddy receivers of appellant's road was made upon an amended and supplemental bill filed by said Mercantile Trust Company in said court, in the suit of said complainant v. The Missouri, Kansas & Texas and The Missouri Pacific Railway Companies. The supplemental bill prayed that each of the above named railways, created by the State of Texas and domiciled therein, be made parties to

the suit, and that the receivership of said Eddy and Cross, who by previous order of court were appointed receivers of the properties of the original defendants to the suit, The Missouri, Kansas & Texas and The Missouri Pacific Railway Companies, be extended to the appellant's road, and the roads of each of the other railways, made parties to the suit by said bill. The order prayed for was granted and duly entered in the minutes of the court, the 18th of September, 1889, appointing the said Cross and said Eddy receivers of the said roads, and subpœnas were duly issued for the said defendants, commanding them to appear and answer said ‧amended bill, and appellant was duly served with the subpœna.

Appellant's road is wholly within the Eastern Federal Judicial District for the State of Texas, the road of another of the defendants is also in the Eastern District and the road of another is in the Western District, while the roads of the other defendants are in the Northern District. The suit of the plaintiff in the court at Waco was auxiliary to the suit pending in the United States Court in the State of Missouri, in which the Mercantile Trust Company was plaintiff and the Missouri, Kansas & Texas Railway and the Missouri Pacific Railway were defendants, and in that suit, by the said Federal Court for the State of Missouri, the said Eddy and Cross were appointed receivers of the Missouri, Kansas & Texas and the Missouri Pacific Railways.

The plaintiffs in this suit alleged that appellant, at and previous to the time of the death of said Nolte, in connection with its codefendant, The Missouri, Kansas & Texas Railway, as pretended lessee of appellant, but without right except as agent of appellant, together with said Eddy and Cross acting as receivers of said Missouri, Kansas & Texas Railway, and of the appellant, but without authority except as mere agents, operated appellant's road, the Trinity & Sabine Railway, as common carriers of passengers and freight for hire; and that said defendants in the capacities herein named employed persons and servants to operate said Trinity & Sabine Railway and among others the said Nolte.

The object of the amended and supplemental bill filed in the court at Waco by the Mercantile Trust Company was to foreclose what the bill denominates a consolidated mortgage, covering the properties of all the railways in Texas made defendants by the amended bill. The bill alleged that said mortgage was executed with the consent and by the authority of both the directors and the stockholders of each of said railways, and that each of them had issued bonds to different amounts, the amount issued by each defendant being given, and that to secure the payment of their various bonds the said mortgage was executed; and the bill further averred that each road had received, of the moneys obtained upon these bonds, its proportionate share, the sum for which each defendant was alleged to be liable being stated, and judgment prayed for against each defendant with decree of foreclosure of the mortgage.

"Upon the foregoing statement we respectfully submit the following questions to the Supreme Court:

"1. In view of the above recited averment in her petition, was or was not the burthen of proof upon the plaintiff in this suit, to show that the possession and operation of appellant's road by Eddy and Cross, as receivers of appellant, The Trinity & Sabine Railway and the Missouri, Kansas & Texas Railway, was illegal and without authority of law?

"2. Did the averments of the amended and supplemental bill filed in the Federal Court at Waco, on the 18th day of September, 1889, in view of the fact that the road of appellant upon which a foreclosure of the mortgage was sought, is situated in another district than that in which Waco is situated, give to the Circuit Court sitting at Waco jurisdiction over the appellant?

"In connection with the above questions, we state that the appellee upon trial of the cause offered no evidence relative to the appointment of Eddy and Cross as receivers, and that appellant offered in evidence, in support of its defense, that, at the time of the death of appellee's former husband, its road was in the possession and under the exclusive control of Eddy and Cross, receivers under appointment of the Circuit Court for the Northern District of Texas. A certified copy of the proceedings in the said Circuit Court, in the said suit of the Mercantile Trust Company v. appellants and others, containing the amended bill above referred to, and orders of said court made in said suit subsequent to the filing of the bill, which copy offered by appellant in evidence, was upon objection of appellee excluded, and appellant excepted."

I. We understand the plaintiff's allegation to be in effect that although Eddy and Cross, in employing her deceased husband, acted as receivers of the defendant company, they were not in fact such receivers but were agents of the company. We see no reason to doubt that it was incumbent upon her to prove this allegation. To rule otherwise would be to hold that persons purporting to act as receivers of a railway company are presumably its agents. We know of no authority for such a holding. We therefore answer the first question in the affirmative.

II. The jurisdiction of every court is necessarily confined to the limits of the territory to which its process is restricted. While no reason suggests itself why Congress has not the power to make the process of the United States Courts run beyond the limits of the State, it has never deemed it politic to do so, except as to writs in favor of the Government. Rev. Stats., U. S., sec. 986. It has therefore been held, that the jurisdiction of the Circuit Court of the United States does not extend beyond the limits of the State in which it sits, and that therefore a receiver appointed by such a court over the property of a railroad company in a State other than that in which the court is established is void. This doctrine is announced in the case of the Texas & Pacific Railway Company v. Gay (86 Texas, 571) and is, as we think, well sup-

ported by authority. The opinion of Chief Justice Stayton in the case is an able and exhaustive discussion of the point and of the cases which bear upon it.

If Congress had made no provision for the running of the process of the United States Courts beyond the limits of their respective districts in States in which two or more districts have been created, we think the same rule would apply as to such districts. But it has provided that in certain cases the initial process may issue from one district to another in the same State (Rev. Stats., U. S., secs. 940-941; 20 U. S. Stats. at Large, 318); and it has also provided that "all writs of execution upon judgments or decrees obtained in a Circuit or District Court, in any State which is divided into two or more districts, may run and be executed in any part of such State; but shall be issued from, and made returnable to, the court wherein the judgment was obtained." Rev. Stats., U. S., sec. 985. These provisions manifest an intent to respect rigidly State lines in fixing the jurisdiction of the Federal Courts and to confine their jurisdiction to the limits of the State. But it is also clear, that it was not the purpose to restrict the jurisdiction of these courts to the territorial limits of their districts, when more than one district should exist within a State. But section 739 prescribes, as a general rule, that no inhabitant of a district shall be sued out of the district of his residence or that in which he may be found at the time of serving the writ. The statute makes some exceptions to the rule, which it is not necessary to mention. The right conferred by section 739 is however held to be a mere personal privilege, which the defendant may waive. If the privilege is either expressly or impliedly waived, the court has power to proceed with the cause, provided the other facts necessary to give it jurisdiction are made to appear. Logan v. Patrick, 5 Cranch, 288; Harrison v. Rowan, Peters, C. C., 489; Flanders v. Insurance Co. 3 Mason, 158.

The action in the United States Circuit Court at Waco being an action to recover a debt and to foreclose a mortgage, the court there could acquire jurisdiction over the defendant, provided it waived its right to be sued in the district of its residence. The action to foreclose a mortgage is transitory and may be prosecuted to judgment against the defendant in any court, provided he waive his privilege to be sued elsewhere, and provided the mortgage premises lie within reach of the final process of the court. Paget v. Ede, L. R., 18 Eq., 118; Toller v. Carteret, 2 Vern., 494; Caufman v. Sayre, 2 B. Mon., 202. The United States Circuit Court therefore may have had full jurisdiction over the person of the defendant and if it had acquired such jurisdiction it had jurisdiction over the property upon which the mortgage was sought to be foreclosed—since it had power to issue process of execution to the district in which the property was situate. While it is true, that there is no statute of the United States which expressly authorizes a court sitting in one district to appoint a receiver over property in another, we are of the opinion that it has the power to

do so whenever it may extend its final process into such other district. The power to appoint a receiver is inherent in the court of chancery, and we see no reason why the appointment may not be made whenever the property lies in any part of the territory subject to the process of the court. The proceeding is provisional and ancillary; and its purpose is to preserve the property pending the litigation. Where, in a proceeding to foreclose a mortgage by sale, the mortgaged premises are placed in the hands of a receiver, the purpose is to aid the execution by saving the property from waste and deterioration until it can be sold by virtue of a decree of the court. Since the United States Circuit Court sitting at Waco could, in the suit there instituted, have proceeded to judgment and have ordered the mortgaged premises to be sold in satisfaction of its decree, we do not see that, acting within the scope of its equity powers, it did not have jurisdiction to appoint a receiver for the purpose of preserving it, pending the litigation.

For the reasons given, we answer the second question also in the affirmative.