KOLB et al. v. GERSON. (No. 484.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 6, 1919. Rehearing Denied Nov. 19, 1919.)

COURTS ☞121(3)—DISTRICT COURT OF TEXAS; JURISDICTIONAL AMOUNT.

Under Const. art. 5, § 16, giving district court jurisdiction when amount exceeds $500, the district court is without jurisdiction of a suit on notes amounting to $330 brought against the maker, who had purchased an automobile from plaintiff, and against one to whom the maker had transferred the automobile, even though the automobile was alleged to be of the value of $500, for in any event plaintiff could only recover $300.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Action by I. G. Gerson against H. A. Kolb and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded, with instructions to dismiss.

Woods, Barkley & King, of Houston, for appellants.

Samuel Schwartz, of Houston, for appellee.

WALKER, J. This suit was filed in the district court for the Eightieth judicial district, in Harris county, Tex., against the appellants on three notes for $65 each, and one note for $85, interest, and attorney's fees; the total amount of these notes being about $330. These notes were executed by appellant H. A. Kolb in part payment for an automobile on which a lien was retained to secure the payment of these notes. Appellee also prayed for a foreclosure of this lien, both as against Kolb and appellant Mims, alleging that Mims was in possession of the automobile, asserting some kind of claim to it. Plaintiff alleged the value of this automobile to be $500. As to Mims, appellee pleaded as follows:

"Plaintiff further alleges that the said defendant, H. A. Kolb, has heretofore sold or otherwise disposed of the said automobile without the consent of plaintiff, and the same is now in the possession of the defendant T. J. Mims, who is setting up some kind of claim thereto, the exact nature of which is to plaintiff unknown. Plaintiff alleges that he is entitled to the possession of the aforesaid automobile in order that he may have the same sold for the payment of his debt, and that he has made demand upon the defendant T. J. Mims for the possession thereof, and that said defendant has

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

hitherto failed and refused and still fails and refuses to deliver the same unto plaintiff, and has converted the aforesaid property to his own use and benefit to plaintiff's damage in the sum of five hundred dollars ($500.00).

"Wherefore, premises considered, plaintiff respectfully prays that the defendants and each of them be cited to appear and answer herein, and that on final hearing of this cause, he have judgment for the possession of the hereinabove described automobile; and that in the event the same is not forthcoming to abide the judgment of this court, that he have judgment against the defendant T. J. Mims for the sum of five hundred dollars ($500.00), the value of the aforesaid automobile, with interest and costs of court."

Appellant answered by plea to the jurisdiction of the district court, general denial, and other defenses which are not necessary to be discussed in view of the disposition we are making of this appeal. This plea to the jurisdiction was overruled by the trial court, and the case was submitted to the jury on special issues, which being answered in favor of appellee, judgment was rendered for him for the amount of his debt and foreclosure of his lien. From this judgment appellants have appealed, and their first assignment of error is that the court erred in overruling and denying their plea to the jurisdiction of the district court. This plea to the jurisdiction should have been sustained.

The trial court did not have jurisdiction of the amount in controversy in this suit. It has been repeatedly decided by our Supreme Court that under article 5, § 16, of the Constitution of Texas, the district court does not have jurisdiction of the amount in controversy when the same does not exceed $500. G., C. & S. F. Ry. v. Ramboldt, 67 Tex. 654, 4 S. W. 356; Garrison v. Express Co., 69 Tex. 345, 6 S. W. 842; Carroll v. Silk, 70 Tex. 23, 11 S. W. 116; Carswell v. Habberzettle, 99 Tex. 1, 86 S. W. 738, 122 Am. St. Rep. 597.

Appellee insists that his allegation praying for judgment against Mims for $500 as the value of the car, with interest and costs of court, gives the district court jurisdiction, citing Schulz v. Tessman, 92 Tex. 488, 49 S. W. 1031, Sanders v. Waghalter, 192 S. W. 1083, and Rotan Grocery Co. v. Railway, 142 S. W. 623.

If under the allegations of his petition, taken as a whole, appellee had shown a right to the possession of the automobile and to a judgment against Mims for the value of the same for conversion, his position would be sound; but this right is not shown by his petition. Taking the petition as a whole, the extent of his right to recover against Mims for conversion of this car was the value of the car not to exceed the amount of his debt, and, this debt being less than $500, the allegation as to conversion by Mims and the value of the car, with interest and costs, would not confer jurisdiction on the district court.

As the trial court had no jurisdiction in this case, it is ordered that the judgment in this cause be reversed, and the cause remanded, with instructions to dismiss.