HALFF v. GERSON. (No. 485.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 6, 1919. Rehearing Denied Nov. 19, 1919.)

SEQUESTRATION    ⬅➡11 — JURISDICTIONAL AMOUNT IN CONTROVERSY.

Where the district court was without jurisdiction of an action on notes, wherein it was sought to foreclose a lien on an automobile, the amount involved being less than $500, *held*, that sequestration proceedings under which plaintiff obtained possession of the automobile were also beyond the jurisdiction of the district court and should be dismissed.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Action by I. G. Gerson against H. A. Kolb, in which an automobile seized on sequestration was surrendered to Abe Halff on filing a claimant's bond. From a judgment for plaintiff, claimant appeals. Reversed and remanded, with instructions to dismiss.

Woods, Barkley & King, of Houston, for appellant.

Samuel Schwartz, of Houston, for appellee.

WALKER, J. This is a companion case to cause No. 484, Kolb et al. v. Gerson, 215 S. W. 987, this day decided by us, and we hereby refer to our opinion in the Kolb Case for a statement of the facts.

In the Kolb Case a sequestration was levied on the automobile. Abe Halff filed a claimant's bond and oath for the automobile, and it was surrendered to him on the execution of the bond. The trial court directed that issues be made up and filed between Halff, as the claimant, and Gerson, as the plaintiff in the original suit. In the trial of the case Abe Halff filed a plea to the jurisdiction of the district court to try this case. Under his plea he makes the assignment that as the district court did not have jurisdiction to try the amount in controversy involved in cause No. 484, H. A. Kolb v. I. G. Gerson, the writ of sequestration sued out in said cause was void, and therefore the automobile was wrongfully taken from his possession. We sustain this assignment. Having held in the Kolb Case that the district

court was without jurisdiction to try the original demand of plaintiff, it follows as a matter of course that all writs and process issuing in said cause are void.

This cause is reversed and remanded, with instructions to dismiss.