**HUGHES et al. v. HUGHES.　(No. 6762.)**

(Court of Civil Appeals of, Texas. Austin.
June 18, 1924.)

**1. Descent and distribution ⚷132—Statute subjecting decedent's estate in hands of heir at law in payment of his debts construed.**

Vernon's Ann. Civ. St. Supp. 1918, art. 3235, making decedent's estate in hands of his heirs at law liable for his debts, does not make heirs, devisees, or legatees, who receive property belonging to an estate against which an unpaid claim exists, personally liable to claimant for value of property so received, but if they have disposed of property, or rendered it impossible of identification, a personal judgment or recovery may be had of them for its value.

**2. Courts ⚷120—District court without jurisdiction of suit to recover $300 personal judgment against heir at law.**

District court was without jurisdiction of a suit to obtain personal judgment against an heir at law as having disposed of property received as heir which was subject to a claim for damages, where the value of property was but $300, in view of Rev. St. art. 1705, such amount being below court's jurisdiction.

**3. Descent and distribution ⚷125—Heirs not liable for decedent's debts to extent of inherited property outside of state.**

Vernon's Ann. Civ. St. Supp. 1918, art. 3235, does not make heirs personally liable for debts of their decedent for the value of property that they may inherit from him in another state.

Appeal from District Court, Williamson County; Cooper Sansom, Judge.

Action by John D. Hughes and others against Thomas P. Hughes, Jr. From a judgment of dismissal plaintiffs appeal. Affirmed.

J. F. Taulbee and Wilcox & Graves, all of Georgetown, for appellants.

J. W. Parker, of Houston, and Critz & Lawhon, of Taylor, for appellee.

BLAIR, J. The petition in this suit alleged that John D. Hughes, Mrs. M. R. Cody, and Mrs. L. E. Booty were the only children of the first marriage of T. P. Hughes, Sr., deceased; that appellee, T. P. Hughes, Jr., was the only child of the second marriage of the said T. P. Hughes, Sr., to Mrs. J. L. D. Hughes; that T. P. Hughes, Sr., died intestate in 1889, leaving surviving him as his sole heirs his wife, Mrs. J. L. D. Hughes, the appellants, and appellee; that he died possessed of a separate estate consisting principally of lands, some personal property, and a small community estate with his surviving wife, Mrs. J. L. D. Hughes, who inherited a life estate in an undivided one-third of the real property, and a homestead interest in the premises so occupied by them as a homestead at the time of his death, with remainder to appellants and the appellee; that in 1900, the said Mrs. J. L. D. Hughes, on the one hand, and appellants and appellee on the other, in order to settle their interests in the estate of T. P. Hughes, Sr., deceased, entered into a written agreement whereby specific land properties, including the homestead, were set apart to the said surviving widow for her life interest in the property, and other properties were set apart to appellants

and appellee; that necessary deeds of conveyance carrying out this agreement were executed by the parties; that the said Mrs. J. L. D. Hughes took possession of the specific properties so set apart to her, and used and received the rentals from the 500-acre farm during her lifetime, and also used the homestead. This contract was attached and made a part of the petition, and provided, in so far as it affects this appeal, that the said Mrs. J. L. D. Hughes should make all necessary repairs of the buildings on the farm during her life tenancy. It is alleged that she breached this obligation, and did not make the necessary repairs as contracted, and, further, that she committed voluntary and permissive waste in allowing noxious grasses and weeds to go to seed upon the farm lands, damaging appellants, who were entitled to recover three-fourths of the entire damages, or the sum of $14,500; that the said Mrs. J. L. D. Hughes died intestate in Williamson County, in April, 1921, and left surviving her T. P. Hughes, Jr., as her only heir at law; that no administration has been taken out on her estate, and none is necessary; that at the time of her death she owned and possessed as her separate property 6½ acres of land in Williamson county, Tex., of the value of $300, which appellee took charge of as her sole heir and sold; that she owned in the state of Kentucky, at the time of her death, real estate of the value of $50,000.00, which appellee took charge of as her sole heir, and has it now in his possession; that appellee took possession of and received the property belonging to the said separate estate of Mrs. J. L. D. Hughes charged with and subject to this debt for damages; and by reason of the facts alleged appellee was liable personally for the amount of said damage in the sum of $14,500, with interest, for which appellants prayed judgment.

To this petition appellee addressed several pleas in abatement and some special exceptions, some of which were sustained. Chief among the pleas in abatement sustained was one that the petition alleged no facts entitling appellants to a personal judgment for the damages sued for within the jurisdiction of the district court, but showed on its face that, if entitled to recover any amount against appellee personally, it was only for the $300, which was below the jurisdiction of the court. Appellants refused to amend, and the court then sustained the general demurrer, and dismissed the suit for want of jurisdiction of the amount in controversy.

Although the sustaining of other pleas in abatement and special exceptions raises questions presented as error herein, we think a determination of the one point, whether the petition alleges facts necessary to establish appellee's personal liability for the damages in an amount within the jurisdiction of the court, will dispose of this appeal.

Whether the life estate of Mrs. J. L. D.

Hughes was one created by operation of law, that is, by inheritance from her deceased husband, or a conventional one created by the contract alleged and made a part of the pleadings by attachment and reference, is immaterial, since this contract, by whatever name called, or whatever other rights between the parties are fixed by it, does establish her liability for the damages alleged to have been sustained to the farm lands, at least for the failure to make and keep in repair the buildings situated on the farm lands set apart to her during her lifetime by the contract. Appellee's personal liability, if any, for the damages or any part of them is fixed by article 3235, Vernon's Ann. Civ. St. 1914, which, omitting the parts not applicable to the facts here pleaded, reads:

"Whenever a person dies intestate, all of his estate shall vest immediately in his heirs at law, but with the exceptions aforesaid shall still be liable and subject in their hands to the payment of the debts of the intestate." ▾

[1] This article of our statute has been construed many times by the Supreme Court, and it is now well established that heirs, devisees, or legatees, who receive property belonging to an estate against which an unpaid claim exists, do not thereby become personally liable to the claimant for the value of the property so received; the remedy being to enforce the statutory lien against the property in their hands. If the heirs, devisees, or legatees have disposed of the property, or so changed its form as to render it impossible of identification, a personal judgment or recovery may be had of them for its value. Blinn v. W. J. McDonald, 92 Tex. 604, 46 S. W. 787, 48 S. W. 571, 50 S. W. 931; Smith v. Patton (Tex. Com. App.) 241 S. W. 117; Faulkner v. Reed (Tex. Com. App.) 241 S. W. 1002.

[2] The petition alleges that the only property owned by Mrs. Hughes at the time of her death in Texas was 6½ acres of land in Williamson county, of the value of $300, and that appellee as her sole heir at law had taken possession of it and disposed of it. These allegations of fact would entitle appellants to a personal judgment against appellee for that amount. That amount 'is below the jurisdiction of the district court, and the court correctly sustained the demurrer to the petition for that reason. A petition filed in the district court, which alleges facts showing the pleader only entitled to recover by his suit the sum of $300, is bad as against a general demurrer for want of jurisdiction of the amount in controversy, and the cause is properly dismissed. Article 1705, R. S.; Smith v. Nesbitt (Tex. Civ. App.) 235 S. W. 1105; Carswell v. Habersettle, 99 Tex. 1, 86 S. W. 738, 122 Am. St. Rep. 597; Kolb v. Gerson (Tex. Civ. App.) 215 S. W. 987.

[3] Appellants insist in this connection that appellee having received $50,000 worth

of real estate in the state of Kentucky, over which the Texas courts have no jurisdiction, that in equity he should be considered as if he had received the property and disposed of it; for which a personal judgment should be authorized. This position is untenable. The Texas statute supra does not and could not subject real estate in another state to the statutory lien for existing debts of a decedent in this state. The statute does not provide that the heirs, etc., become personally liable for the debts of their decedent, a resident of Texas, for the value of property they may inherit from him in another state. The application of the property inherited by appellee in Kentucky to the payment of this claim is controlled by the laws of that state, and not by the laws of Texas. See Railway Co. v. Brown, 91 Tex. 673, 45 S. W. 793, as to territorial jurisdiction.

We find no error in the judgment, and it is affirmed.

Affirmed.