L. W. LOW, JR., ADMINISTRATOR, V. W. F. FELTON ET AL.

No. 7350.

1. **Limitation of Ten Years Against Judgment.**—A money judgment was rendered September 23, 1875, against Eubank and Dyches, the latter as surety. Dyches died the same year, and there was no administration upon his estate. Executions were issued against Eubank on July 6, 1876, May 2, 1877, and October 1, 1877. June 3, 1886, heirs of the plaintiff brought suit against the widow and children of Dyches as well as Eubank to revive the judgment or to recover on it. The widow and children had received from the estate of Dyches assets sufficient to pay the judgment. *Held*, a demurrer urged by the defendants on the ground that the claim was barred by limitation of ten years was properly overruled. As to Eubank, ten years had not elapsed since the last execution; and as to the widow and children of Dyches, his death suspended limitation for one year after his death, which, deducted from the time intervening between the date of the judgment and the suit to revive, left less than ten years. Rev. Stats., arts. 3210, 3218.

2. **Cause of Action Against an Estate.**—The words "cause of action" in article 3218, Revised Statutes, include all cases in which there are demands against the person at the time of his death, whether they had so matured at that time as to entitle holders to institute and maintain actions against the deceased or not. It includes an unsatisfied judgment not dormant at death of a defendant.

3. **Allegations in Action Against Heirs as Such.**—It is not necessary that property received by an heir be particularly described in an action for an indebtedness of the intestate. The property so received is not subjected to the payment of the judgment. The object of the allegation is to give notice of the ground on which liability is sought to be fixed by the suit.

4. **Claim Against Guardian and Ward.**—It is not always necessary that a claim against a minor heir for liability for the debts of his ancestor be presented to the guardian of such ward for his allowance against the estate of the minor inherited from such ancestor.

5. **Parties—Estates of Deceased Defendant.**—Suit against widow and children (some minors represented by their guardian) upon a judgment against the husband before his death. The widow and children received assets from which liability existed. Pending suit the widow died intestate. The heirs of her husband and of herself were the same. After her death plaintiffs amended, stating these facts, and that there was no administration upon her estate. It was not alleged that administration was unnecessary. Trial was had a few months after her death. *Held*, upon objection that proper parties were not made, and allegations showing that administration was necessary, the suit could not proceed in absence of administration upon the estate of the widow. Judgment was erroneous without such parties.

6. **Heirs Liable Severally.**—Heirs are each liable for debts of ancestor to extent of assets received. It is error to render judgment jointly against heirs shown in aggregate to have received assets.

ERROR from Williamson.    Tried below before Hon. A. S. WALKER.
No statement is necessary.

*T.B. Cochran,* for plaintiff in error.—1.  Article 3210, Revised Statutes,
provides two methods by which a dormant judgment may be made the
basis of an action at law; one by scire facias to revive, and the other
by bringing a direct suit.    It is here submitted, that a judgment can
only be revived against the defendant himself.    This results from the
nature of a proceeding in the nature of a scire facias, where the judg-
ment is simply that plaintiff have his execution, and in no way mak-
ing it a new judgment.    And when defendant is dead, then the only
remedy left to the creditor is a direct action upon the judgment against
his heirs under the well established rules of law alleging inheritance
of property subject to the debt, and further showing that there is no
necessity for administration.    In the latter case, the cause of action
against the heir could only arise at the death of the ancestor, and would
be barred in ten years.    If this is the law, this suit, if it could be main-
tained at all upon the petition, must be considered a direct action
against the heirs of Jeptha Dyches upon the judgment, and if not
barred ten years after the day of judgment, certainly was ten years
after the death of Dyches, and the court should have so held upon said
second special exception, and dismissed the suit.    Patterson v. Allen,
50 Texas, 23; Freem. on Judg., sec. 443.

2.    The allegations of the petition as to property received by Mrs.
Dyches and the children are too vague and uncertain to inform the
court of the nature and extent of their liability for the debts of Jeptha
Dyches, and the court should have so ruled.

3.    There is no allegation that this judgment had ever been pre-
sented for payment or for allowance.    Sayles' Civ. Stats., chap. 14, title
47; Id., art. 2476, chap. 1; Id., art. 2028.

4.    Whether this suit be considered in the nature of scire facias to
revive the dormant judgment or a new and independent suit thereon,
Mrs. M. E. Dyches was a necessary party defendant; and upon her
death, pending the suit, the plaintiffs could not prosecute their suit
against the other defendants, as her heirs, without alleging in their
petition that there was no necessity for the appointment of an admin-
istrator; and as their petition contains no such allegation, the court
should have sustained the special exception contained in defendant's
answer, and erred in not so holding.    Schmidtke v. Miller, 71 Texas, 103.

5.    The law presumes that there is a necessity for administration
upon the estate of every decedent, and unless the petition shows a case
falling within the recognized exceptions no judgment can be rendered
that will bind the estate.    The administrator is the officer of the law,
and represents creditors as well as heirs.    To permit suits to be main-
tained against the heirs that will bind the estate in the hands of an ad-

ministrator opens the door to fraudulent collusion between the heirs and fictitious creditors, and in effect denies to honest creditors their day in court, thus depriving them, without hearing, of a fair distribution of the estate among those honestly and legally entitled to the same. McCampbell v. Henderson, 50 Texas, 610; Webster v. Willis, 56 Texas, 474; Green v. Rugely, 23 Texas, 539.

*G. W. Glasscock,* for defendants in error.—1. A judgment in this State does not become barred until ten years from date of same or from date of issuance of last execution. Upon the death of a party to a judgment the time of limitation is extended twelve months in addition to the ten years, or until an administrator is appointed. By reason of the death of Jeptha Dyches, the original debtor, and by the death of Hunt, the judgment creditor, whose judgment was by this suit revived, the time of limitation was also extended from his death to the appointment of his administrator. Therefore this action is not barred. And when Jeptha Dyches died, his wife M. E. Dyches and the other plaintiffs in error succeeded to his property, subject to all debts due and to become due against his estate.

For revival of judgment: Rev. Stats., art. 3210; Langham v. Grigsby, 9 Texas, 494; Waterhouse v. Love, 23 Texas, 560; Johnson v. Robeson, 27 Texas, 527.

For extending limitation: Rev. Stats., art. 3218.

2. At the death of a judgment creditor his debts survive him and follow his property in the possession of his heirs, who in such cases are the proper parties in suits to revive such a judgment, especially when no administrator has been appointed and the ancestor has been dead for four years, and Jeptha Dyches had been dead for more than that period.

STAYTON, CHIEF JUSTICE.—On September 23, 1875, William Hunt recovered, in the District Court for Williamson County, a judgment against M. Eubank as principal and Jeptha Dyches as surety for a sum of money. Dyches died in October of the same year, and no administration was had upon his estate. He left a wife and several children, and also a community estate subject to the payment of his debts. Executions issued against Eubank on July 5, 1876, on May 2, 1877, and on October 1, 1877, all of which were returned nulla bona.

Hunt died in 1882, and defendants in error under his will became the owners of the judgment. On June 3, 1886, they instituted this proceeding against the widow of Jeptha Dyches, and against their children as well as Eubank, to revive the judgment or to recover on it. Some of the children were represented by a guardian, who was made a party. Mrs. Dyches died pending the litigation, and there being no adminis-

tration on her estate, the cause was prosecuted to final judgment against all the children of herself and Jeptha Dyches.

Judgment was rendered reviving the former judgment and against the heirs of Dyches and wife for the sum due, the judgment directing that one-half of the sum so adjudged should be paid out of the estate of Mrs. Dyches in due course of administration, and the other half by the children; but in the event the estate of Mrs. Dyches subject to forced sale was not found to be sufficient to pay one-half of the sum adjudged, then payment of any balance was to be made by the children, the court having found that they had received from the community estate through inheritance from their father assets subject to payment of debts amounting in value to more than the judgment.

This writ of error is prosecuted by an administrator of the estate of Mrs. Dyches, appointed since the judgment in this case was rendered, and by the same person who has been appointed guardian of the estates of the minor defendants in place of the guardian in office at the time the judgment was rendered.

Defendant Gossett, for himself and wife and as guardian for the minor defendants, answered by general demurrer and special exceptions, setting up, (1) the ten years statute of limitation in bar; (2) that the petition did not show with sufficient certainty what property, if any, had come to their possession; (3) because plaintiffs' claim had not been presented to him for allowance as guardian; (4) because the suit could not be maintained without making the executor or administrator of the estate of Mrs. Dyches a party.

These exceptions were overruled. Limitation of ten years was also pleaded, with other defenses not necessary to notice.

Eubank answered by general denial, and adopted the answers of his codefendants.

It is now urged, that the court erred in overruling the exception which set up the defense of limitation. Mrs. Dyches and the children of herself and Jeptha Dyches were liable, on the ground that they had received property which was liable to sale for satisfaction of the judgment rendered against him, which under that judgment might have been sold under execution had he lived. The character of the claim made the basis of the action must determine the period of limitation applicable to it, and it must be conceded that the judgment against Eubank and Dyches is the foundation of this action. This action should be treated as an action upon that judgment rather than as a proceeding to revive it; and whether considered as the one or the other, the period of limitation was ten years. Rev. Stats., art. 3210.

This action was brought on June 3, 1886, and was not barred as to Eubank, for execution issued on the judgment against him within a year after its rendition, and the action was brought within less than ten years after that execution issued. No execution issued against

Jeptha Dyches, but the running of the statutes of limitation against the claim was suspended for one year from the time of his death, as no administration was taken out on his estate.   Rev. Stats., art. 3218.

Deducting one year from the period that elapsed between the date of rendition of judgment and the bringing of this action, less than ten years remain.   It is contended, however, from the phraseology of the statute, that limitation ran from the time Jeptha Dyches died.   The statute provides, that "in case of the death of any person against whom there may be cause of action, the law of limitation shall cease to run against such cause of action until twelve months after such death," etc.; and it is contended, that there was no *cause of action* against Jeptha Dyches at the time of his death, and that for this reason the statute referred to has no application.

It may be conceded that Hunt had not the right to institute and maintain an action against Jeptha Dyches at the time of his death for the mere purpose of having a judicial determination of the fact that the latter was indebted to him and the amount of that indebtedness, or even for the purpose of obtaining an execution through which the payment of the judgment might be enforced; for the judgment already rendered fixed the fact of indebtedness as well as its amount, and authorized the issuance of execution to enforce its payment; and another judgment could have done no more.   For this reason, the right to institute and maintain an action on that judgment in the same jurisdiction in which it was rendered would have been denied while Jeptha Dyches lived.   But even during his lifetime, the right evidenced by the judgment and the wrong resulting from its nonpayment would have entitled Hunt to remedy—i. e., means to enforce its payment, though this might have required an adjudication of some fact by a court.

If by "cause of action" we are to understand to be meant only such right on the part of a plaintiff and violation of it by a defendant as would entitle the former to institute and maintain an action for the purpose of having the right and its extent judicially determined, and to have the ordinary process to enforce the right thus determined, then appellant's contention might be sustained; but if by these words was meant the right of one having a lawful demand against another violated by that other's failure to satisfy that demand, then the contention can not be maintained.   It seems to us that the words are used in the latter sense, and that they were intended to cover all cases in which there were demands against a person at the time of his death, whether these had so matured at that time as to entitle holders to institute and maintain actions against the deceased or not.

Before the death of Jeptha Dyches, Hunt had the right to have the sum adjudged to be due him paid, and the failure to pay it entitled him to every remedy known to the law to enforce its payment, even though

this might require a suit or action; and thus, within the meaning of the statute, had the creditor cause of action against the debtor; and on his death, as process could no longer issue to subject his estate to the payment of the debt, the creditor or his legal representatives became entitled to such remedy against the estate and representatives of the deceased as was necessary to enforce the payment of the sum due.

If Jeptha Dyches had been indebted to Hunt by open account or by note, whether due or not due at the time of his death, the statute would have ceased to run against such a claim for the period of one year from the date of his death, unless administration was sooner taken out. The time of the maturity of the debt would fix the period of suspension of running of the statute. If the debt had matured at the time of death, the suspension would be for one year. If it matured six months after the death of the debtor, the suspension would be, in effect, for only six months.

The judgment in favor of Hunt, and the failure of Jeptha Dyches to pay it, gave cause of action in favor of the former against the latter, although the judgment was not dormant at the time of his death; and the fact that under given circumstances an action might have been maintained by Hunt against the widow and children of Dyches upon his death can not affect the right of the parties in this case, the purpose of which is to hold them liable only on account of assets received which were liable in the hands of their ancestor to the payment of the judgment against him.

These conclusions render it unnecessary to consider what, on the question of limitation, would be the effect of the issuance of executions against Eubank, the principal debtor.

It seems to be contended, that article 3218, Revised Statutes, has no application to an action to revive a judgment or to an action founded on a judgment, and that a judgment is absolutely barred in ten years after its rendition; but we see no reason to doubt that the article referred to has application to such actions as well as to all others for which a period of limitation is prescribed, when a contrary intent is not shown.

It is urged, that the property inherited by the children and acquired by Mrs. Dyches from the community estate of herself and deceased husband was not sufficiently described in the petition. The property so received is not subjected to the payment of the judgment from which writ of error is prosecuted, and the only purpose for which it was necessary to describe it at all was to give notice to the defendant of the ground on which liability was sought to be fixed upon them; and it seems to us that the description contained in the petition was sufficient for that purpose, if not sufficient had it been necessary for the court to direct the particular property to be sold in satisfaction of the judgment.

It is claimed, that the action could not be sustained because the claim was not presented to the guardian and by him rejected before the suit was brought. The statute does not in express terms require that claims shall be presented to a guardian and be rejected by him or by the County Court before suit can be brought upon them, and it is not necessary in this case to determine whether this is ordinarily necessary; though we may say that in most cases this would be proper in order to protect minors' estates from unnecessary costs.

In so far as the minors are liable on account of property received from their mother, such presentation was not necessary, even if this were ordinarily necessary, for she was a party to the action when brought, and in such cases it has not been held necessary on the death of a defendant to dismiss an action or to present the claim to a legal representative before prosecuting it to a final judgment, even under the statutes regulating the administration of the estates of deceased persons. Boone v. Roberts, 1 Texas, 159; Bennett v. Spillars, 7 Texas, 602; 9 Texas, 521.

If necessary to present a claim to a guardian before suit in any case, the claim to be presented would be that asserted against the ward, and in cases like that before us, not the claim against the ancestor; for the heir is only liable to the extent of debt-paying assets received. That would not be a matter ordinarily so well known to a creditor of the ancestor as to enable him to swear that the heir is indebted to him in a certain sum; and for this reason, if for no other, if ordinarily it be necessary to present claims to a guardian before suit, we are of opinion that it was not necessary in this case. Merle v. Andrews, 4 Texas, 200; Garrett v. Gaines, 6 Texas, 443; Evans v. Hardeman, 15 Texas, 484.

Plaintiffs by amended petition, filed after the death of Mrs. Dyches, made known the fact of her death, and alleged that there was no administration upon her estate; but there was no averment that administration was unnecessary.

The heirs, represented by guardian, and Mrs. Gossett, who was also an heir, excepted to the petition, on the ground that the action could not be maintained against them as heirs, and claiming that it could be maintained only against an executor or administrator of their mother's estate; but the exception did not reach specifically the want of an averment that administration was unnecessary.

The exceptions were overruled, and on this writ of error, prosecuted by an administrator of the estate of Mrs. Dyches and by the guardian of the minor children, it is urged that the exception referred to should have been sustained.

The statute provides, that upon the death of a defendant a suit shall not abate, and that upon "suggestion of such death being entered of record in open court, or upon the petition of the plaintiff representing

that fact being filed with the clerk, it shall be his duty to issue a scire facias for the executor or administrator, and in a proper case for the heir of such deceased defendant, requiring him to appear and defend the suit, and upon the return of such service suit shall proceed against such executor, administrator, or heir, and such judgment shall be rendered therein as may be authorized by law." Rev. Stats., art. 1248.

There is no doubt that it is ordinarily necessary, on the death of a defendant, to make the executor or administrator of such person's estate a party defendant before the cause can proceed further; and if the action be such that such legal representative can not defend it alone, then the proper case in which to make the heirs defendants arises. If there is shown to be no necessity for administration, then, under a well recognized exception to the general rule, it would only be necessary to make the heirs parties. If the time within which administration could be taken out has elapsed, then, from the necessity of the case, the heirs may be made defendants, if the facts justify this, and the cause proceed to final judgment; but unless a case is brought within some of the recognized exceptions to the general rule the cause can not proceed to judgment against the heirs alone; and this rule exists for the protection of creditors of estates of deceased persons.

In Patterson v. Allen, 50 Texas, 25, which was an action against heirs to recover a debt due by the ancestor, in which prior to judgment the period within which administration could be taken out had elapsed, this court said: "Under the probate system of this State, a creditor of an estate must ordinarily collect his debt through the medium of an administration. Green v. Rugely, 23 Texas, 539; Ansley v. Baker, 14 Texas, 607; Cunningham v. Taylor, 20 Texas, 129; Mc-Miller v. Butler, 20 Texas, 402. But if administration can not legally be had because of the lapse of four years after the death of the debtor, the creditor is remitted to his remedy against the heir, or the property of the estate in the hands of the heirs, by proceeding in the District Court. 2 Pasch. Dig., arts. 5505, 5506; The State v. Lewellyn, 25 Texas, 797. And even before the lapse of four years administration may become unnecessary by the action of the heirs."

McCampbell v. Henderson, 50 Texas, 610, was a case in which an action to recover money was brought against an ancestor, who died pending the litigation; and after the time had expired within which administration might be taken out, his heirs were made parties defendant. In disposing of the case it was said: "Ordinarily the creditor must, in the first instance, bring suit for the collection of his claim against the personal representative of the deceased debtor, and not against his heir. Where suit is brought against the debtor, and he dies, such suit can not be revived against the heir, unless the plaintiff, if suit had not been brought, might bring an original action against him. But if there is no administration upon the estate of the defend-

ant, and the facts show that none is necessary or desired by those in-- terested in his estate, and especially if owing to the lapse of time the statute forbids the grant of administration upon his estate, and the heirs are in possession of his property, they are in such sense the representatives of their ancestor that a pending action may be revived or an original suit brought against them. * * * The record shows, that more than four years had elapsed from the death of Love. It is not pretended that any representative of his estate had been appointed subsequent to the death of his wife [independent executrix]. In view of these facts, the averments of appellee seem amply sufficient to warrant a revival of the suit against the heirs."

The decision in Webster v. Willis, 56 Texas, 473, holds, that actions can not be sustained by or against heirs on a moneyed demand unless facts be shown which will bring the case within some one of the recognized exceptions to the rule which requires such actions to be brought against the executor or administrator; and believing this to be the correct rule, we hold that the exception should have been sustained.

Mrs. Dyches died only a few months before the judgment in this case was rendered. The answer showed the necessity for administration, which has been since taken out, and with only the heirs before the court the judgment could not bind her estate or fix the right of plaintiffs as creditors against it. If the proper parties had been before the court the judgment could not stand, for each heir is only liable to the extent of assets received by him or her, while the judgment makes each one liable for the entire sum due plaintiffs from the ancestor's estate, when the finding of fact recited in the judgment is, that conjointly the heirs received from their father's estate assets sufficient to pay the judgment.

For the errors noticed, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 22, 1892.