**CHADWICK et al. v. WATKINS.**

**No. 6636.**

Court of Civil Appeals of Texas. Texarkana.

May 7, 1953.

J. G. Strong and J. R. Strong, Carthage, for appellants.

Ruff Wall and Fred Whitaker, Carthage, for appellee.

LINCOLN, Justice.

The parties will be referred to as in the trial court. Plaintiff W. W. Watkins brought suit against the defendants as the sole heirs of Lela Chadwick, deceased, for the principal, interest and attorney's fees on a promissory note given to plaintiff by deceased. Plaintiff alleged that the note was secured by a chattel mortgage on certain described personal property, and sought a foreclosure of the mortgage lien. He further alleged that Lela Chadwick, a resident of Panola County, died intestate, leaving the defendants as her sole and only heirs at law, that there had been no administration upon her estate and no necessity therefor; that at her death she possessed property in addition to the property mentioned in the chattel mortgage, and that the defendants have taken possession of all of the property belonging to Lela Chadwick prior to her death. Plaintiff prays for judgment for the amount of his debt, interest and attorney's fees, for foreclosure of the chattel mortgage lien, "and for such other and further relief, special and general in law or in equity, to which he may be entitled, and for cost of suit."

Defendants answered by general denial. The issues were submitted to the court without a jury and judgment was rendered "that the plaintiff W. W. Watkins do have and recover of and from the defendants Dock Chadwick and Howard Chadwick the sum of Seven Hundred Five ($705.00) Dollars, together with interest thereon at

the rate of six per centum per annum from this date until the same be paid, and all costs of suit, provided that the plaintiff may subject to this judgment, by execution or otherwise, only exempt property of which Lela Chadwick was seized and possessed during her lifetime and which is now in the possession, care or control of the defendants herein; and provided further that the plaintiff shall not have execution against any property belonging to the defendants Howard and Dock Chadwick and which did not come into their possession or control by virtue of the laws of descent and distribution of this state; and providing further that this judgment is subject to any liens now outstanding on said property subject to execution by the terms and provisions of this said judgment."

The court further decreed the plaintiff a foreclosure of his chattel mortgage lien, with order of sale and "if the property cannot be found, or the proceeds of such sale be insufficient to satisfy this judgment, then to make the money or any balance thereof remaining unpaid out of any other property of the defendants which has come to them under descent or distribution from the estate of Lela Chadwick, deceased, for which let execution issue."

There is no statement of facts in the record, but on motion of the defendants the court filed findings of fact which are substantially that the deceased executed the note sued upon in favor of the plaintiff, who is the legal owner and holder of same, and that it is due and unpaid; that deceased also executed the chattel mortgage lien in writing to secure the payment of the note; that there has been no administration upon the estate of the deceased and no necessity therefor. The court concluded as a matter of law that the defendants "inherited and took possession of the property" of the deceased subject to debts, including the note sued upon; that plaintiff is entitled to judgment against the defendants for his debt but that the defendants are not liable to plaintiff in their individual capacities, and the recovery is limited to any property inherited by the defendants from Lela Chadwick and which is not exempt by law.

On further motion of the defendants the court made and filed the following additional findings of fact: "(a) I further find that no proof was offered or made as to what property, if any, was owned by Lela Chadwick, at the time of her death. (b) I further find that no proof was offered or made that defendants Howard Chadwick and Dock Chadwick, or either of them, took possession of, or appropriated any property owned by Lela Chadwick at the time of her death. (c) I further find that no proof was offered or made as to the value of any property that may have been owned by Lela Chadwick at the time of her death."

■ Appellants present five points of error. The first point asserts error in the rendition of judgment in favor of plaintiff in the absence of any proof that defendants received and possessed property by descent and distribution from Lela Chadwick, deceased. The second point asserts error in the foreclosure of the chattel mortgage lien in the absence of proof that the property described therein was received or possessed by the defendants. We overrule the second point of error. Plaintiff's right to foreclosure is by virtue of the note and lien and does not rest upon the statutes hereafter referred to. The defendants as heirs of the original maker of the note and mortgage had an interest in the mortgaged property which was sufficient to authorize the judgment of foreclosure. Austin v. First State Bank & Trust Co., Tex.Civ.App., 275 S.W. 156, 159, writ dismissed; 15 Tex.Jur., p. 198, Sec. 44. We think, however, the judgment should have established the debt instead of decreeing that the plaintiff have judgment against the defendants. While the judgment provides that the defendants are not personally liable we still think that it would have been more appropriate for the court to have established the debt in favor of plaintiff. Jackson v. Hubert, 149 Tex. 451, 234 S.W.2d 414.

Passing to consideration of the first point raised, art. 3314, R.S. of Texas, provides among other things that upon death of a person intestate all of his estate descends and vests immediately in his heirs at law,

but, except such as is exempt, it is liable and subject in their hands to the payment of debts of the intestate. In Blinn v. McDonald, 92 Tex. 604, 46 S.W. 787, 50 S.W. 931, it is held that a creditor of the intestate cannot have a personal judgment against such heirs having property in their hands, but must look to the property only. In McFarland v. Shaw, Commissioner, 45 S.W.2d 193, 198, Judge Sharp, writing for the Commission of Appeals, in an opinion approved by the Supreme Court, said: "Our Supreme Court has established a well-settled rule that heirs, devisees or legatees who receive property belonging to an estate, against which an unpaid claim exists, do not thereby become personally liable to the claimant for the value of the property so received; the remedy being to enforce the statutory lien against the property in their hands. It is also equally well settled that, if the heirs, devisees, or legatees have disposed of the property or so changed its form as to render it impossible of identification, a personal judgment or recovery may be had of them for its value. Blinn v. McDonald, 92 Tex. 604, 46 S.W. 787, 48 S.W. 571, 50 S.W. 931; Smith v. Patton, Tex.Com.App., 241 S.W. 109, 117; Faulkner v. Reed, Tex.Com. App., 241 S.W. 1002; Hughes v. Hughes, Tex.Civ.App., 264 S.W. 579."

■ Since, under the statute and decisions, the debt of the intestate is a lien on his estate, Blinn v. McDonald, supra; Van v. Webb, 147 Tex. 299, 215 S.W.2d 151, 154, enforceable through an action against the heirs to whom the estate has descended and has been distributed, the petition must allege that the estate has been distributed to the heirs, and the proof must show specifically what property has come into the hands of the heirs to enable the court to decree and foreclose the lien. Westerfeld v. Stout, Tex.Civ.App., 129 S. W.2d 478, writ dismissed.

■ The petition alleged that "the defendants herein have taken possession of all of the property seized and possessed by the said Lela Chadwick prior to her death, such possession continuing to this time." The statutes of descent and distribution relate to property of a deceased *at*

his death, not *prior* thereto. In the absence of a special exception, and assuming that the expression "prior to her death" was intended and construed by the parties and the trial court as meaning "at her death," the petition is probably sufficient, even though it did not allege the property of which the defendants took possession. Blinn v. McDonald, supra, held that such an exception should have been sustained.

■ The trial court found, however, that "no proof was offered or made as to what property, if any, was owned by Lela Chadwick at the time of her death," nor that the defendants "or either of them took possession of or appropriated" any such property. There was, therefore, no basis for judgment against either of the defendants other than for establishment of the debt and foreclosure of the chattel mortgage. "Where no assets of the estate are received there can be no liability." Simpkins "Administration of Estates in Texas," Third Ed., Sec. 227, pp. 312, 313.

■ The court found as a fact that there had been no administration upon the estate of Lela Chadwick, and no necessity therefor. It has been uniformly held where the only debt against an estate is that which is sued upon no administration is necessary. Patterson v. Allen, 50 Tex. 23, 26; Buchanan v. Thompson's Heirs, 4 Tex. Civ.App. 236, 23 S.W. 328, writ refused; Perry National Bank of Hamilton v. Norwood, Tex.Civ.App., 22 S.W.2d 100, writ dismissed; Rogers v. Barbee, Tex.Civ.App., 32 S.W.2d 666.

■ Appellee seeks to uphold the judgment decreeing joint liability for the aggregate amount of the debt. Appellants' contention challenging such provision must be sustained. "A joint judgment cannot be rendered in the aggregate against all the distributees shown to have received assets of the estate, but the judgment must be against each to the extent of the assets actually received." Simpkins "Administration of Estates in Texas," Third Ed., p. 313, citing cases; Low v. Felton, 84 Tex. 378, 19 S.W. 693.

■ As already shown, if the property or any part of it has been disposed of

198

by an heir, then personal judgment may be rendered against him to the extent of the value of that which he has disposed of.

On the pleadings here found our decision that the petition is sufficient to charge that defendants as heirs took possession of the property of the estate as their own, without specifically describing such property, is in harmony with Byrd v. Ellis, Tex.Civ.App., 35 S.W. 1070, 1071. But on the matter of proof, it was stated in that case that "it will be presumed that the division was made in the proportions indicated by the statute."

■ That a division of the estate had been had in that case was alleged and proved. Personal judgment against the widow and children of the deceased appears to have been rendered proportionately "to the share of each in the estate." Such judgment at that time was in keeping with the decision in Mayes v. Jones, 62 Tex. 365, cited in the opinion on re-hearing. But Mayes v. Jones was, in effect, overruled on this point in Blinn v. McDonald, in its opinion on re-hearing, 92 Tex. 604, 50 S.W. 931. The rule established by the later decisions which we have followed relegates a creditor to the satisfaction of his debt against a deceased to the property of the estate which the heirs have received, and we think the quoted statement from Byrd v. Ellis is not now applicable. The appellees here have insisted on its applicability, and it is quite obvious the trial court accepted that view; this for the reason that there was no proof that defendants had come into possession of any specific property of the estate.

■ The plaintiff did not pray for a foreclosure of the statutory lien to which we have referred. Apparently a personal judgment only was sought. Satisfaction of judgment out of specific property only may not be had under the prayer for general and equitable relief, in a case of this kind, nor without proof which describes the property. See Smith v. Patton, Tex. Com.App., 241 S.W. 109, 116, 117.

What we have said disposes of all points raised Accordingly, the judgment of the district court is modified so as to decree that

the plaintiff's debt is fixed and established at the sum of $705, with interest at six per cent per annum from October 20, 1951, until paid. The judgment foreclosing the chattel mortgage lien on the property described therein is modified to the extent that any deficiency existing after sale of the mortgaged property shall not remain as a personal judgment against the defendants. As so modified, the judgment for debt and foreclosure of the chattel mortgage lien is affirmed. In all other respects, the judgment is reversed and the cause remanded for another trial in accordance with this opinion.