**Lillian Garrison POTTS et al., Appellants,**

v.

**W. Q. RICHARDS MEMORIAL HOSPITAL and Cottle County, Texas, Appellees.**

**No. 8813.**

Court of Civil Appeals of Texas, Amarillo.

Nov. 21, 1977.

Richard D. Bird, Childress, for appellants.

Smith & Baker, Inc., Mike T. Field, Lubbock, for appellees.

DODSON, Justice.

In this case the appellants are Lillian Garrison Potts, Hattie Garrison Roark, Mat Easter Garrison Williams, Vena Garrison Carr, Roger Garrison, James Wiley Garrison, Shirley Garrison Hargraves, Virginia

Mae Garrison, Independent Executrix of the Estate of Barney Garrison, Sr. The appellees are W. Q. Richards Memorial Hospital, a county hospital, and Cottle County, Texas.

The appellees brought suit against the appellants on a sworn account for an alleged unpaid balance of $16,647.70 plus interest and attorney's fee for hospital services rendered to Maude A. Garrison during her lifetime, as a patient in appellees' hospital. The appellees sought to establish personal liability against the appellants under § 37 of the Texas Probate Code and the case law construing such section for disposing of property inherited from the decedent without discharging the appellees' claim.

The case was tried before a jury. At the close of the testimony, the court submitted 13 special issues. After the jury returned its answers to the special issues, the court entered judgment in favor of the appellees against the appellants individually in specific but varying amounts. No judgment was taken or entered against three of the heirs at law of the decedent. The appellants appeal to this Court complaining of the judgment against them. We reverse and remand for the reasons stated herein.

The appellants bring six points of error complaining of the judgment rendered against them in the trial court. In the third and fourth points of error, the appellants complain that there is no evidence or insufficient evidence to establish "what amount" or "how much," if any, the individual appellants received or inherited from the estate of Maude A. Garrison, deceased. And in the fifth point of error, the appellants complain that the evidence is insufficient to warrant or merit judgment against them in behalf of the appellees. Under these points, the appellants pray that the judgment be reversed and remanded for a new trial. We consider these points of error and the supporting brief sufficient to direct us to a review of the evidence to determine if the same is sufficient to support the judgment entered against these appellants. See *Fambrough v. Wagley,* 140 Tex. 577, 169 S.W.2d 478, 482 (1943); *Brazos River Authority v. City of Graham,* 163 Tex. 167, 354 S.W.2d 99, 132 (1961); *O'Neil v. Mack Trucks, Inc.,* 542 S.W.2d 112, 114 (Tex.1976), and Calvert, *No Evidence and Insufficient Evidence Points of Error,* 38 Texas L.Rev. 361 (1960).

The undisputed evidence shows that the decedent was a patient in appellees' hospital from July 18, 1968 until her death on January 22, 1973; that Maude A. Garrison died intestate; that no administration was had in the probate court on her estate; that at the time appellees brought their lawsuit their claim was the only outstanding debt against the estate of Maude A. Garrison, deceased; that Maude A. Garrison owned at the time of her death 223 acres of farm real property located in Cottle County, Texas; that the appellants and the other heirs of the decedent sold the real property to a bona fide purchaser for $200 per acre or $44,600.

The jury's answers to special issues submitted by the court establish the appellees' claim against Maude A. Garrison in the amount of $16,647.70 plus interest and an attorney's fee of $5,000. The court entered judgment in favor of the appellees against the appellants individually as follows: Lillian Garrison Potts in the amount of $3,751.89; Hattie Garrison Roark in the amount of $3,751.89; Mat Easter Garrison Williams in the amount of $3,751.89; Vena Garrison Carr in the amount of $3,751.89; Roger Garrison in the amount of $3,751.89; James Wiley Garrison in the amount of $1,875.95; Shirley Garrison Hargraves in the amount of $1,875.95; and Virginia Mae Garrison, Independent Executrix of the Estate of Barney Garrison, Sr., in the amount of $3,751.89, for a total amount of $26,263.24, which sum included $16,647.70 on the account plus prejudgment interest in the amount of $4,615.54 and attorney's fees in the amount of $5,000.

■ Section 37 of the Texas Probate Code, V.A.C.S., in part provides as follows:

. . . whenever a person dies intestate, all of his estate shall vest immediately in his heirs at law, but . . . shall still be liable and subject in their hands to the payment of the debts of the intestate; . . .

The Commission of Appeals of Texas in *McFarland v. Shaw,* 45 S.W.2d 193 (Tex. Com.App.1932, holding approved) in construing a statute substantially the same as our present § 37, *supra,* said in part 45 S.W.2d at page 198:

Our Supreme Court has established a well-settled rule that heirs, devisees or legatees who receive property belonging to an estate, against which an unpaid claim exists, do not thereby become personally liable to the claimant for the value of the property so received; the *remedy* being to enforce the statutory lien against the property in their hands. It is also equally well settled that, if the heirs, devisees, or legatees have disposed of the property or so changed its form as to render it impossible of identification, a personal judgment or recovery may be had of them for its value. *Blinn v. W. J. McDonald,* 92 Tex. 604, 46 S.W. 787, 48 S.W. 571, 50 S.W. 931; *Smith v. Patton* (Tex.Com.App.) 241 S.W. 109, 117; *Faulkner v. Reed* (Tex.Com.App.) 241 S.W. 1002; *Hughes v. Hughes* (Tex.Civ.App.) 264 S.W. 579. (Emphasis added.)

In this case, the Commission of Appeals reaffirmed the remedy of personal liability in lieu of the remedy of foreclosure since the lien is defeated by a transfer of the property to a bona fide purchaser for value. This principle was first pronounced hypothetically in the early case of *Blinn v. McDonald, supra.*

Appellees pray in their petition as follows:

. . . Plaintiffs pray for damages for the destruction of such lien on the above described real properties put beyond Plaintiffs' reach as a result of said sale; that Plaintiffs allege that such damages amount to $16,647.70, plus interest at the rate and from the period of times as hereinabove alleged, plus attorney's fees in the amount of $6,600.00, and plus costs of court, and that a judgment be granted to Plaintiffs herein against each of the heirs of MAUDE A. GARRISON respectively, with the exception of those named in Paragraph II hereinabove unless they received property other than the real property described above, for such damages hereinabove set forth, *proportionate to the total value of all property received* from the MAUDE A. GARRISON Estate *by each such heir,* and further be held individually liable in the same proportionate amount for attorney fees and court costs, and that Plaintiffs have such other and further relief as they may show themselves entitled, either in law or in equity. (Emphasis added.)

Under appellees' theory of case, they seek a proportionated personal judgment against each appellant, individually for the unpaid proportion of their claims plus interest and attorney's fees.

In this case, the court entered judgment against eight of the Garrison heirs at law, in the respective amount set forth above. However, the judgment makes no mention of the three other Garrison heirs. The Appellees' Second Amended Petition alleges that each of these last mentioned Garrison heirs had, prior to suit, paid a pro rata part of the appellees' claim. The appellees' petition alleges and the proof shows the amount that each of these three heirs paid on the claim; however, the proof fails to show the interest of each of such heirs in the real property at the time the same was transferred to the bona fide purchaser. And likewise, the proof fails to show the specific interest owned by each of the appellants in the real property sold to the bona fide purchaser.

We agree that the appellees are not entitled to recover the full amount of the unpaid balance of their debt from each of the heirs of Maude A. Garrison, deceased, and more particularly the appellants in this case.

In *Thomas v. Bonnie,* 66 Tex. 635, 2 S.W. 724 (1886) the Supreme Court in discussing the liability of an heir who had received only a part of the estate said:

. . . a distributee would not "be liable beyond his just proportion, according to the estate he may have received in the distribution."

To the same effect is *Low v. Felton,* 84 Tex. 378, 19 S.W. 693 (1892).

■ This principle was further articulated in *Perry National Bank of Hamilton v. Norwood,* 22 S.W.2d 1100 (Tex.Civ.App.— Waco 1930, writ dism'd) where court said:

Appellant, however, is not entitled to recover from each of the distributees the full amount of its debt, but is only entitled to recover from each of them the proportionate amount of its debt in proportion to the property received by each of them, respectively.

These last three cited cases hold in effect that the creditor is not entitled to recover from each of the distributees the full amount of its debt, that each distributee is liable only for a proportional share of the creditor's debt, and that the extent of the liability of each distributee is limited to the property received by each such distributee.

To the same effect is *Chadwick v. Watkins,* 258 S.W.2d 194 (Tex.Civ.App.—Texarkana 1953, no writ) where the creditors sought a judgment decreeing joint liability for the aggregate amount of the debt. There had been no administration of the estate in the probate court and the decedent had died intestate. The court stated:

"A joint judgment cannot be rendered in the aggregate against all the distributees shown to have received assets of the estate, but the judgment must be against each to the extent of the assets actually received." Simpkins "Administration of Estates in Texas," Third Ed., p. 313, citing cases; *Low v. Felton,* 84 Tex. 378, 19 S.W. 693.

However, the court further stated:

As already shown, if the property or any part of it has been disposed of by an heir, then personal judgment may be rendered against him to the *extent* of the value of that which he has disposed of. (Emphasis added.)

Thus, the liability of each distributee is limited to the extent of the "assets actually received" and retained by each distributee from the estate of the decedent, or if, as in the case before us, the distributees have disposed of such assets or property, each distributee is personally liable to the "extent of the value of that which he has disposed of." To the same effect is *McFarland v. Shaw, supra, Smith v. Patton, supra,* and *Faulkner v. Reed, supra.* And likewise, in all of these cases, the creditor's recovery is limited to the established amount of his debt.

■ Also, the court in *Chadwick v. Watkins, supra,* further determined that the creditor must prove the specific interest each heir received in the distribution of the assets of the estate and that the court will *not* presume such distribution was made to each distributee in the proportions indicated by the law of descent and distribution. Even, if we could so presume, then the appellees have failed to prove the necessary facts of heirship to establish the interest of each heir under the law of descent and distribution.

■ Appellees proceeded to trial on its Second Amended Petition. Attached to this petition is a document purporting to be an Affidavit of Heirship; however, this document or the facts stated herein were neither admitted into evidence nor stipulated by the parties. Appellees' Request for Admission Number 21 and Appellants' Answer only tells us that Exhibit B to Appellees' First Amended Petition is a true copy of an instrument filed in the Deed Records of Cottle County, Texas, and likewise, neither of these last mentioned documents were proven nor admitted into evidence in this cause and the same are not otherwise properly before us.

Also, Appellees' Request for Admission Number 22 and Appellants' Answer thereto

fail to furnish the necessary facts of heirship. This request for admission merely lists the names of eleven heirs at law of Maude A. Garrison, deceased. Neither the relationship of the heirs to the decedent nor the relationship of the heirs to each other is shown.

The testimony of H. L. Garrison and Hattie Garrison Roark further adds to the confusion. Mrs. Roark said there were "twelve" children, but that "six sisters are living, I just have one brother." H. L. Garrison said there were "ten heirs" and that there was "one niece and one nephew." This testimony fails to establish the necessary facts of heirship. We may not go outside the proven record and guess on this important matter.

Therefore, we must conclude that the appellees have failed to establish the specific interest each heir owned in the property disposed of to the bona fide purchaser.

The appellees contend that they have met their burden of proof to sustain the judgment entered by the court against each of the appellants in the specific amounts set forth therein and enumerated above by showing the following:

(1) That there were eleven named heirs of the decedent;

(2) That such heirs were either sons, daughters, or grandchildren of the decedent;

(3) That H. L. Garrison, one of the heirs, testified that there were "ten heirs" of the estate;

(4) That H. L. Garrison received approximately $2,378 from the proceeds of the sale as his share of the estate;

(5) That Hattie Garrison Roark testified that her portion of the estate was equal to cover her part of the bill at the hospital;

(6) That the fair market value of the real property was $44,600;

(7) That the appellants James Wiley Garrison and Shirley Garrison Hargraves, each, were entitled to receive $2,200 from the proceeds of the sale as their share of the estate;

(8) That the appellants Lillian Garrison Potts, Hattie Garrison Roark, Mat Easter Garrison Williams, Vena Garrison Carr, Roger Garrison and Virginia Mae Garrison, Independent Executrix of the Estate of Barney Garrison, Sr., each, were entitled to receive from the proceeds of the sale of the property the sum of $4,400 as their respective shares of the estate.

From this evidence we are asked to presume that each appellant actually received from the estate of Maude A. Garrison, deceased, and the proceeds of the sale of the real property to the bona fide purchaser, an amount of money equal to or greater than the judgment amount entered against each of the appellants, respectively, or presume that each appellants' share of the market value of property disposed of was greater than the judgment amount entered against each of the appellants respectively. We can do neither, from the record or the applicable law in this case.

We can make the following comments as to each item of appellees' contentions. On item one, the evidence in record does not show the relationship of the heir at law to the decedent or to each other. On item two, the evidence shows there were brothers, sisters, nephew and niece; however, the evidence fails to establish which of the heirs belong to a particular class. Item three is opinion testimony without factual basis. There are eleven heirs at law of Maude A. Garrison. We are not shown the actual interest of each of the eleven shares or what amount, if any, of the estate each heir received in the distribution of the estate.

As to item four, we do not know whether H. L. Garrison received more or less than the other heirs or the method used in arriving at this amount or the reason for his receiving such amount. On item five, in reference to Mrs. Roark's testimony, we are not shown what "your part of the bill at the hospital" has reference to or the amount of the bill at the hospital at any given time.

Item six is the stipulated fair market value of the property; however, the evidence does not show the amount of the debts of the decedent which would reduce the figure to the value received by each heir from the sale of the property. As to items seven and eight, the evidence does not show any of the appellants' interest in the property of the estate or the amount of debts of the estate attributable to such figures.

Appellees contend in part that the *extent* of appellants' individual liability is measured by the *full* or *market* value of the real property disposed of notwithstanding any other debts of the estate of Maude A. Garrison, deceased. We do not agree. Our Supreme Court determined in *Blinn v. McDonald, supra,* that the property of the decedent vest in all the heirs, devisees, legatees or distributees of the estate subject to all of the debts of the decedent. In *Jackson v. Hubert,* 149 Tex. 451, 234 S.W.2d 414 (1950), the Supreme Court explained that the so called lien created under § 37, *supra,* is a general lien in favor of *all* of the creditors against *all* of the non-exempt assets of the estate. In *Blinn v. McDonald, supra,* and *McFarland v. Shaw, supra,* and other authorities cited therein, the remedy of personal liability against the heirs, devisees, legatees or distributees for disposing of the property of the estate is invoked by operation of law in lieu of the defeated remedy of foreclosure of the lien against property in the hands of the heirs, devisees, legatees or distributees.

Again, from *Chadwick v. Watkins, supra,* the liability of each distributee is limited to the extent of the "assets actually received" and retained by each distributee from the estate of the decedent or, if as in the case before us, the distributees have disposed of such assets or property, then each distributee is personally liable to the "extent of the value of that which he has disposed of."

■ In *City of Forth Worth v. Banner,* 328 S.W.2d 239 (Tex.Civ.App.—Fort Worth 1959, writ ref'd n.r.e.) the city sought a personal judgment against the sole distributee of the estate for its debt against the estate of the decedent. The court stated as follows:

We have concluded that the city was burdened with the duty, prerequisite to any right to compel the entry of a judgment in its favor, to establish not only the existence of the indebtedness of those from whom Mrs. Banner received her estate, but additionally to establish the value of the same as so received to at least the extent of any amount which it would be entitled to have decreed to it in the judgment. This additional burden the city failed to discharge, hence the take nothing judgment decreed by the court below should not be disturbed by an appellate court.

Therefore, we conclude that the appellees have the burden to show that the amount each appellant received from the sale of the property, exclusive of any other debts of the decedent, was equal to or greater than the judgment amount entered against each such appellant.

In the case before us, the real property disposed of was the only asset of any value in the estate of Maude A. Garrison, deceased. The testimony of H. L. Garrison shows that the real property was subject to a federal land bank loan which was taken into account in the distribution to him, even though the evidence fails to establish whether or not such loan was a debt of the estate of Maude A. Garrison or the amount of the same. And, likewise, H. L. Garrison testified that funeral expenses and other expenses were deducted from the proceeds of the sale before distribution to him or the other heirs. However, the testimony does not reveal the amount of any of these debts or the amount any other heir, and more particular the amount, if any, the appellants received in this distribution of the estate.

Appellants' third, fourth and fifth points of error are sustained and the cause is reversed and remanded for a new trial.

■ Appellants in their second point of error complain "that there is insufficient evidence to support a finding that the [appellants] owed or agreed to pay [appellees] anything for the care and support of Maude A. Garrison." Under § 37, *supra, Blinn v. McDonald, supra,* and *McFarland v. Shaw, supra,* the personal liability, if any, of the appellants for the claim of the appellees is predicated on the action of the appellants in disposing of the property of the estate of Maude A. Garrison, deceased, at a time when the appellees' debt was outstanding. The remedy of personal liability is invoked in lieu of the destroyed remedy of foreclosure of the so called statutory lien on the property of decedents in the hands of the appellants.

Appellants second point is overruled.

■ Appellants in their sixth point of error complain that the trial court erred in rendering judgment against the defendants, for the reason that the alleged claim asserted was barred by the statute of limitations. The essence of the appellants' contention is that a part or all of the claim is barred by the two year statute of limitations. Under this point of error the appellants request that the judgment be reversed and rendered. We overrule appellants' sixth point of error. The jury's answer to Special Issue Number One establishes that the claim was not due until the death of Maude A. Garrison, deceased. This issue or its answer stands unchallenged in this Court.

However, we have reversed and remanded the cause for a new trial on other grounds. Hence, the evidence issue submitted and answers of the jury could be different on another trial; therefore, we discuss the application of the statute of limitations to the action.

The appellees contend that the four year statute in the Tex. Bus. & Comm. Code § 2.725 applies because the transaction involved was a "sale of goods" under Tex. Bus. & Comm. Code, ch. 2 (Tex. UCC 1968). We must determine whether the transac-

tion was a sale of goods, covered by the code, or a sale of services. If, as appellants contend, this was not a sale of goods, appellees do not have the benefit of the Code's four year statute of limitation. Instead, their cause is governed by the two year statute, V.A.C.S., art. 5526 as tolled by V.A.C.S. art. 5538.

The record shows that Mrs. Garrison was supplied both goods and services during her stay in the hospital, and we must decide whether the "essence" of this transaction was for goods or services. *See Perlmutter v. Beth David Hospital,* 308 N.Y. 100, 123 N.E.2d 792 (1954). Texas follows the majority rule that the essence of a hospital stay is the furnishing of the institution's healing services which may include incidental sales of medicines and the like. *Goelz v. Wadley Research Institute & Blood Bank,* 350 S.W.2d 573 (Tex.Civ.App.—Dallas 1961, writ ref'd n.r.e.). *See* Annot., 45 A.L.R.3d 1364, 1383–86 (1972). Likewise, we are of the opinion that the essence of this transaction was predominately the furnishing of hospital service as opposed to the sale of goods.

Therefore, we hold that the statute of limitations set forth in Tex. Bus. & Comm. Code § 2.725 does not apply to this case.

Further, we are of the opinion that V.A.C.S. art. 5526 and 5538 are applicable to this matter.

By this holding, we do not wish to be heard to say that we are now determining that all or any part of the alleged claim is or is not barred by the applicable statute of limitations. Since we are remanding the case for a new trial, we think a proper application of the statute of limitations should be made under evidence and issues presented at such trial.

We are of the opinion that it is unnecessary to write further on the points and counterpoints set forth in briefs of the parties, since they speak to matters that are not likely to reoccur on another trial of the cause.

Therefore, we reverse and remand this cause for a new trial.