### A. A. THOMAS ET AL. V. BONNIE BROS.

(Case No. 2035.)

1. REVISED STATUTES, ARTICLES 1964-1972—BOND—EFFECT.—The provision in Revised Statutes, 1964, that an administrator may be cited to show the condition of the estate, after an inventory, appraisement and list of claims have been returned, is for the benefit of creditors, that the court may know the value of the estate sought to be withdrawn from administration, and be able to fix a bond which will give security. An heir who has executed the prescribed bond and received the estate cannot assert that his bond is invalid because the inventory, appraisement and list of claims had not been returned.

2. SAME—ACTION ON BOND.—It would seem that an heir having received an estate from administration cannot, in an action upon his bond, deny that he was an heir, and entitled to part of the estate.

3. SAME—PLEADING.—If a petition, in an action against the obligees of a bond for the withdrawal of an estate from administration, which does not disclose what interest the principal in the bond had in the estate, is defective, the defect can be cured by the answer. In an action against a distributee the plaintiff must show what proportion of the estate he received.

4. SAME—INTEREST.—See the opinion for allegations furnishing a sufficient basis for the allowance of interest, in an action upon a bond for the withdrawal of an estate from administration.

5. SAME—APPROVAL—PAYMENT.—The approval of a claim against an estate by the county court, is a judgment which conclusively establishes the validity of the claim until set aside by a proceeding instituted for that purpose. Pleas of payment, although effective in such proceeding, are otherwise of no avail.

6. SAME—OBLIGEES IN BOND—LIABILITY.—The obligees in a bond executed in accordance with Revised Statutes, 1969, 1970, for the withdrawal of an estate from administration are liable thereon for all the unpaid debts against the estate, and not in proportion to the interest in the estate which the principal in the bond received.

7. SAME—CREDITORS—REMEDIES.—After an estate is withdrawn from administration, as provided in Revised Statutes, 1964, etc., a creditor remaining unpaid, may sue upon the bond and have judgment against its makers for the amount of his debt with execution to enforce payment; or he may sue any or all of the distributees who have taken any of the estate, but in such case the recovery against any distributee will be proportioned according to the estate he may have received in distribution

8. Probate proceedings—Approval of claims.—The approval of a claim against an estate by the county court, is binding upon both residents and non-residents. Such probate proceedings are, in a sense, proceedings *in rem*, and it is not necessary that notice be given to heirs resident or non-resident, who by reason of their interest are presumed to be in court.

Appeal from Marion. Tried below before the Hon. W. P. McLean.

This was an action upon a bond for the withdrawal of an estate from administration. On the trial, the general and special exceptions to the petition were overruled, the special exceptions to the answer were sustained, and judgment was rendered in favor of plaintiffs, Bonnie Bros., against A. A. Thomas, J. M. Bender and W. F. Scott, for the amount of their claim, $362.81, with interest.

*J. H. Culberson, P. H. Rowell, W. B. Figures* and *C. A. Culberson,* for appellants, cited: R. S., Arts. 1964, 1965, 1966, 1971, 2977, 2980; Cartwright v. Moore, 6 Tex. Law Rep., 219; Ryan v. Shepherd, *Id.,* 208; Borden v. Houston, 2 Tex., 594; Smith v. Montgomery, 3 Tex., 199; McRea v. Williams, 58 Tex., 328; Houston v. Mayes, 6. Tex.,Law Rep., 343.

That the approval of a claim against an estate by the county court is not conclusive as to non-resident heirs, they cited: Pennoyer v. Neff, 95 U. S., 714; Freeman on Judg., secs. 566, 567; Ransome v. Bearden, 50 Tex., 119; Connolly v Hammond, 51 Tex., 635; 106 U. S. 353; Tex. Law Rev., Feb. 5, 1884.

That persons not parties to the proceedings in which the judgment of approval was rendered can collaterally attack it for fraud, they cited: Sanger Bros. v. Trammell, 6 Tex. Law Rev., 344; Freeman on Judg., secs. 249, 250, 334, 335, 336, 486, 487, 489, 491, 504, and authorities there cited; Reed v. Harvey, 23 Ark., 44; Johnson v. Insurance Company, 12 Mich., 216; Reeder v. Duncan's administrator, 1 Bibb, 368; Stowell v. Eldred, 26 Wis., 504.

*McKay & Camp,* for appellees, cited, R. S., 1333, 1964, 1972.

Stayton, Associate Justice.—This action was brought by the appellees to recover the amount of an account which had been duly probated against the estate of J. M. Thomas, deceased, while that estate was in course of administration. A. A. Thomas, who was one of the heirs of J. M. Thomas, gave bond with the other defendants, as sureties, for the purpose of withdrawing the estate from administration, under the law regulating that matter, R. S., 1964, 1972. The action is upon that bond. Exceptions were filed to the petition raising the following points:

1. That the petition was insufficient in that it did not allege that an inventory, appraisement and list of claims was filed before the administrator was cited to file an exhibit, under oath, showing the condition of the estate. The petition did not contain an averment of these facts; but did aver that the defendants executed the bond in the sum of $6,500, and that this was "at least double the appraised value of the estate as ascertained by the appraisement and list of claims returned."

The provison that the administrator may be cited to show the condition of an estate, after an inventory, appraisement and list of claims have been returned, is for the benefit of creditors, that the court may know the value of an estate which heirs seek to withdraw from administration, and thereby be enabled to fix such bond as will give security. Were such a bond given and an estate received under it, the heir so executing the bond and receiving the estate, could not be heard to say that his bond was invalid because the inventory, appraisement and list of claims had not been returned. The averments of the petition however, are to the effect, that an appraisement and list of claims had been returned. An appraisement involves the idea of a thing or things to be appraised, and a statement of those things, without which there could be no appraisement, is an inventory.

2. It is urged that the petition is defective in that it did not show what interest A. A. Thomas had in the estate.

The averments of the petition in this respect are very vague, and every fact stated may have been true and yet he not entitled to any part of the estate; for the averment that he was one of the heirs of J. M. Thomas was not such an averment of relationship as would be good against a special demurrer. The ruling of the court, however, in this respect, is of no importance, for the answers showed that A. A. Thomas and one other were the only heirs of J. M. Thomas. If the petition was defective, this defect was cured by the answer. It would seem that one so receiving an estate could not be heard in any action brought upon his bond, to deny that he was an heir, and therefore entitled to some part of the estate. If this action was one against A. A. Thomas, as a distributee, and not upon the bond, then it would be necessary for the plaintiff to show what proportion of the estate he received in the distribution; for in such an action a distributee would not "be liable beyond his just proportion according to the estate he may have received in the distribution." R. S., art. 1971.

3. It is urged that the petition is insufficient, in that it does not state when the claim sued upon became due, and therefore gives no basis for the allowance of interest.

The petition shows that the account probated was for goods sold to

the intestate in September, 1884. This account would bear interest from the first day of January, 1885, in the absence of a contract to the contrary. R. S., art. 2977.

The petition shows that the claim was duly approved by the county court on February 19, 1885, after it had been allowed by the administrator, and the court below only allowed interest from that date.

4. The defendants pleaded that the claim sued upon had been paid before its allowance by the administrator and approval by the county court; that this occurred during the life of J. M. Thomas.

The court sustained an exception to so much of the answer as set up this defense, and we are of the opinion there was no error in this. The approval of the claim by the county court was a judgment which must be held to conclusively establish the validity of the claim, so long as it is not set aside by some proceeding lawfully instituted for that purpose. The pleas of payment contained in the answer, constitute no defense to the case made by the petition; though effect might be given to such facts connected with other proper averments in a proceeding instituted for the purpose of setting the judgment of the county court aside. The fact that the heirs of J. M. Thomas were not residents of Texas at the time the judgment was rendered approving the claim of the appellees, in no way affects its validity or binding force upon all persons.

Such probate proceedings are binding upon non-residents as well as upon residents. They are, in a sense, proceedings *in rem*, in which it is not necessary that notice be given to heirs resident or non-resident, who, by reason of their interest, are presumed, so far as necessary, to be in court. The rules applicable to cases in which jurisdiction over the person must be acquired before a personal judgment can be rendered, have no application to such proceedings. The sureties on the bond of A. A. Thomas alleged that the administrator of the estate improperly delivered to their principal the entire estate, when there should have been delivered to him only such share thereof as he was entitled to. They further allege that the indebtedness of the estate of J. M. Thomas exceeds the entire value of the estate, and that by the true import of their bond they are only liable to pay the debts of the estate in proportion to the interest of their principal in the property. A demurrer to this answer was sustained.

The petition alleged the execution of a bond by which its makers bound themselves to pay all the debts of the estate of J. M. Thomas, as provided by the statute, and such a bond is shown to have been executed. The statute provides that "the persons so entitled to such estate, *or any of them*," may execute a bond, "conditioned that the

persons who execute such obligation shall *pay all the debts against the estate* not paid."

When the law is complied with, and the estate distributed, the statute gives two remedies to the creditor:

1. He may sue upon the bond and have judgment· against its makers for the amount of his debt with execution to enforce its pay ment. R. S., arts. 1969, 1972; Headley *v.* Good, 24 Tex., 234.

2. He may sue any or all of the distributees who have taken any of the estate; but in such case the recovery against any distributee will be proportioned according to the estate he may have received in distribution. R. S., art. 1971.

This is an action upon the bond, and its makers are liable according to its terms, for all the unpaid debts of the estate of J. M. Thomas which that obligation voluntarily assumed, in effect, promises to pay.

There is no error in the judgment, and it will be affirmed.

AFFIRMED.

[Opinion delivered November 5, 1886.]