VRABLEC v. KOCUREK.   (No. 7500.)

(Court of Civil Appeals of Texas.   Galveston.
Dec. 20, 1917.)

1. BROKERS ⬤⟳43(1)—RIGHT TO COMMISSIONS
—STATUTE OF FRAUDS.

Contract employing a broker to negotiate a
sale of land, to merely entitle him to commis-
sions, need not be in writing, under the general
statute of frauds, though it must be for him to
execute a binding contract of sale.

2. PLEADING ⬤⟳403(3) — COMPLAINT CURED
BY ANSWER.

Any insufficiency of description, in broker's
complaint for commissions, of the lands plaintiff
was authorized to sell, is cured by the answer
identifying them.

Appeal from Austin County Court; G. S.
Cumings, Judge.

Action by Tom Vrablec against August
Kocurek.   Judgment for defendant, and
plaintiff appeals.   Reversed and remanded.

C. G. Krueger, of Bellville, and Mathis,
Teague & Mathis, of Brenham, for appellant.
C. C. Glenn, of Sealy, for appellee.

LANE, J.   This suit was instituted by ap-
pellant, Tom Vrablec, against appellee, Au-
gust Kocurek, to recover the sum of $500,
which he claimed to be due him as a com-
mission for selling a certain tract of land
for appellee.

Appellant, plaintiff in the trial court, al-
leged that on the 14th day of October, 1912,
he purchased from appellee a certain 72¼
acres of land situated in Austin county, Tex.,
about 2½ miles west of the town of Wallis,
in said county; that said tract consisted of
67¼ acres of prairie land and 5 acres of
timber land; that plaintiff paid a part of
the purchase money therefor, and executed
his notes for the balance of said purchase
price; that thereafter, and after said notes
became due, defendant demanded payment
thereof, and as plaintiff was unable to make
such payment, it was agreed by said par-
ties that, if plaintiff, Vrablec, would recon-
vey said lands to defendant, Kocurek, the
latter would enter into a contract with plain-
tiff engaging him to resell said land; that
thereafter, on November 1, 1915, in pursu-
ance of said agreement, said parties executed
the following contract:

"The State of Texas, County of Austin.

"Know all men by these presents that I, Au-
gust Kocurek, have this day given Tom Vrablec
the authority to sell my land consisting of 67¼
acres of prairie and 5 acres of timber land for
the sum of sixty dollars an acre for prairie and
forty dollars for timber per acre.   I allow the
said Tom Vrablec the sum of five hundred dol-
lars as commission for selling above land as
soon as sold and deed made.   I am not to re-
ceive less than $2,000.00 cash and balance on
time on above land.

"This contract to be null and void after No-
vember 1, 1916.

"Witness our hands this 1st day of Novem-
ber, 1915.                    August Kocurek.
                              "Tom Vrablec.
"Witness:
  "Henri Kosik.
  "J. C. Matejka."

He further alleged that by the execution
of said contract defendant authorized and
empowered plaintiff to sell said land for
the prices and on the terms stipulated in
said contract at any time prior to the 1st
day of November, 1916, and that by said con-
tract defendant promised, obligated, and
bound himself to pay plaintiff the sum of
$500 for his services in the event plaintiff
made a sale of said land before said 1st
day of November, 1916, in accordance with
the terms of said contract; that after the
execution of the contract, and before the 1st
day of November, 1916, plaintiff did pro-
cure at different times three different pur-
chasers for said lands, to wit, Henri Kosik,
Rudolph Hranicky, and Martin Haidjek, for
the price and upon the terms stipulated in
the contract, and that each of said proposed
purchasers were ready, willing, and able to
purchase said land at such price and under
such terms and conditions, but that defend-
ant refused, and still refuses, to convey said
land to said purchasers or either of them.

Defendant, Kocurek, filed and presented
special exceptions to plaintiff's petition as
follows:

"Specially demurring and excepting herein, de-
fendant says that the contract in this case de-
clared upon by plaintiff, and now for the first
time exhibited in this court, is wholly insuffi-
cient for plaintiff to maintain this suit upon,
and is contrary to the statutes of fraud, in
that it wholly fails to describe any lands, or to
furnish the means of description of any lands,
that were to be conveyed, on all of which defend-
ant now prays judgment of the court, and he
will ever pray.

"Defendant further excepts and demurs to all
of paragraph No. 3 of plaintiff's original peti-
tion, wherein the said petition undertakes to
describe the lands alleged to have been intended
to be conveyed by the contract herein declared
upon by plaintiff, and says that the same is
wholly insufficient, and is contrary to the stat-
utes of fraud, and that plaintiff thus seeks to
ingraft upon the said written contract and
agreement a description which is wholly wanting
in the said contract, and now excepts to the
same, and prays the court to strike the same
from the record, and he will ever pray.

"Further specially demurring and excepting
to paragraph No. 4 of plaintiff's original peti-
tion, defendant shows to the court that plain-
tiff therein alleges that he reconveyed certain
lands to the defendant during the year 1915,
'upon the agreement and understanding that the
land should be sold, through the agency of plain-
tiff, in accordance with the terms of the contract
hereinafter set out,' when in deed and in fact
plaintiff has neither 'set out' his said contract,
nor has he indicated in his said original petition
at what period of the year the land was 'con-
veyed back' to defendant.   Wherefore defend-
ant prays the court that the said paragraph No.
4 be also stricken from the record and held for
naught, and he will ever pray."

The trial court sustained all of said ex-
ceptions, and, upon plaintiff's declining to
amend his petition, the cause was dismissed;
it being recited in the judgment of dismissal
that the court took such action "because the
contract sued upon is within the statute of
frauds."

The action of the court in sustaining said

exceptions and in dismissing the cause is complained of by appellant in his sole assignment of error.

[1] The contract sued upon by appellant was not within the statutes of fraud, and the court erred in holding to the contrary.

The rule with reference to contracts of employment between a broker and his principal is stated in Ruling Case Law, vol. 4, p. 249, § 6, as follows:

"Contract of employment between a broker and his principal may be either oral or written, unless there is an express statutory provision requiring it to be reduced to writing, and this is true irrespective of the nature of the property relative to which negotiations are to be instituted. The reason for this is that the ordinary statute of frauds, requiring contracts for the sale or purchase of real or personal property to be in writing, is intended to apply only to agreements the purpose of which is to effect an actual change of some kind in the title to the property involved, and hence has no application to a mere contract of employment by which one person is to act as the broker of another in negotiating a sale or purchase of the property of the latter. The employment of a real estate broker is no exception to the rule, for his duties seldom require him to conclude or execute a contract of sale."

Again, same volume, page 300:

"As we have previously seen, the usual provisions of the statute of frauds requiring contracts for the sale or purchase of real or personal property to be evidenced by a written memorandum thereof are intended to apply only to agreements which contemplate effecting a change of some kind in the title to the property involved, and have therefore no application to a mere contract of employment by which one person is to act as the agent of another in negotiating a sale or purchase of property, so as to defeat the rights of such an agent acting under parol authority to recover the agreed compensation."

An agency to sell real property may be created by parol, and a broker in whose hands real property is placed for same under a parol agreement may recover the commission agreed upon if he effects a sale, or produces a purchaser ready, able, and willing to comply with the terms specified. Womack v. Douglas, 157 Ky. 716, 163 S. W. 1130.

Where a broker is employed by the owner of real property to sell the same, and it is contemplated that the broker shall procure a contract between himself and the proposed purchaser which will mutually bind the owner and the purchaser, his authority to execute such contract is required to be in writing, and where no such authority is given, authority to make such contract does not exist. But where the broker has been employed to make sale of real property by the owner, either by parol or by writing, and produces a purchaser who is ready, able, and willing to purchase upon the terms proposed by the owner, and is prevented from conclud-

ing such purchase by the owner's refusal to convey the property, the broker is entitled to the commission agreed upon between him and the owner, and in such case the necessity for a binding contract to purchase is unnecessary, in the absence of a contract that he shall so bind the purchaser. Henderson & Grant v. Gilbert, 171 S. W. 308; Levy v. Duncan Realty Co., 178 S. W. 984; Goldsberry v. Thomas, 178 Mo. App. 334, 165 S. W. 1179.

[2] When the pleadings of both parties are considered, we think it is apparent that appellee was sufficiently advised of the identity of the tract of land for the sale of which appellant seeks to recover a commission.

Plaintiff alleged that on the 14th day of October, 1912, he purchased from defendant a tract of land situated 2½ miles west of the town of Wallis in Austin county, consisting of 72¼ acres, 67¼ acres of which was prairie land, and 5 acres of which was timber land; that after paying a part of the purchase money, and finding that he was unable to pay the remainder, he reconveyed said land to defendant; that, in consideration of such reconveyance, defendant agreed to and did enter into the contract hereinbefore set out. Defendant in his answer averred that on the 14th day of October, 1912, he conveyed to plaintiff certain premises; that he repurchased said premises from plaintiff; that he repurchased the same for a homestead for himself and family; that he owned no other lands, nor has he since acquired any other lands, and does not own any other lands than that repurchased from plaintiff; that he moved upon the said premises as soon after his repurchase as plaintiff would vacate same, etc.

Averments in an answer may be looked to in aid of the petition, when such averments cover the want of averments in the petition. Gaston v. Wright, 83 Tex. 282, 18 S. W. 576; Lyons & Gribble v. Logan, 68 Tex. 524, 5 S. W. 72, 2 Am. St. Rep. 511; Hill v. George, 5 Tex. 89; Thomas v. Bonnie Bros., 66 Tex. 637, 2 S. W. 724; Grimes v. Hagood, 19 Tex. 249.

Looking, then, to the pleadings of both parties, we think the land in question was sufficiently described to identify it as the land which appellee authorized appellant to sell.

We think the trial court erred in sustaining appellee's exceptions to appellant's petition and in dismissing the cause.

The judgment of the trial court is reversed, and the cause is remanded for trial on its merits.

Reversed and remanded.