## PERRY NAT. BANK OF HAMILTON v. NORWOOD et al. (No. 874.)

Court of Civil Appeals of Texas. Waco. Jan. 16, 1930.

Rehearing Denied Feb. 13, 1930.

H. E. Chesley, of Hamilton, and Sleeper, Boynton & Kendall, of Waco, for appellant. Y. W. Holmes, of Comanche, for appellees.

BARCUS, J. J. J. Norwood and his father, H. Norwood, executed their joint and several note to appellant on July 17, 1924, for $413.-35, payable four months after date, with 10 per cent. interest per annum; H. Norwood being in fact a surety thereon for his son, J. J. Norwood. On October 12, 1924, H. Norwood died intestate, leaving nine children as his sole heirs; his wife having died some time previous. The only debt that H. Norwood owed was the one to appellant. After H. Norwood died, his heirs took possession of his estate, which consisted of an undivided one-half interest in 468.6 acres of land; the other undivided one-half belonging to said children as the heirs of their deceased mother. On January 21, 1927, appellant filed this suit against the heirs of H. Norwood on said note, alleging that they were liable therefor, because they, and each of them, had received from the estate of H. Norwood, deceased, more than sufficient property to satisfy said note, and sought to fix a lien on the land of H. Norwood that had come into the possession of the respective heirs to secure the payment thereof.

Appellant alleged that two of the heirs had disposed of their interest in the property of their father, and they were dismissed from the suit. The amended petition filed by appellant in March, 1929, on which it went to trial, did not make J. J. Norwood a party defendant. The remaining heirs filed answer, their main contention being that appellant was estopped from claiming anything against them, or any lien against the property which they had received from their father's estate, because he was only a surety on said note, and because appellant had neglected to have an administrator for said estate appointed and subject the interest of J. J. Norwood in said estate to the payment of said debt. In said connection they alleged that said J. J. Norwood had disposed of his interest in said estate prior to the time appellant instituted this suit, and that said J. J. Norwood was insolvent.

The cause was tried to the court, and resulted in a judgment being rendered, denying appellant any recovery, except against J. J. Norwood. It appears from the findings of fact and conclusions of law, as filed by the trial court, that he based his judgment primarily upon the theory that appellant was estopped by reason of its having failed to take out letters of administration upon the estate of H. Norwood. This theory is revealed by its following conclusion of law:

"The plaintiff having a clear remedy for the collection of its debt by administration, and the other heirs having no knowledge of the existence of this debt, and the debt not having been created by any of the heirs except J. J. Norwood, it was the duty of plaintiff to have pursued its statutory remedy to collect this debt by administration, and its failure to do so was negligence, and having lost the right to subject the interest of J. J. Norwood in said estate to the payment of its debt, and having lost its lien upon his interest by its negligence, the heirs, other than J. J. Norwood, should be discharged."

Appellant challenges the correctness of said legal conclusion, its contention being that under the plain provisions of the statutes it is not estopped from collecting from the distributees of H. Norwood's estate the amount due it by H. Norwood, whether said debt was due by H. Norwood as a principal or as a surety; its contention further being that the heirs of H. Norwood had the same

right that it had to have an administrator of the estate of H. Norwood, deceased, appointed, in order to protect H. Norwood's estate against paying a surety debt, and force a collection primarily out of the property of the principal, and that said heirs could not avail themselves of a plea of suretyship of their father, and thereby defeat its right to recover.

Article 3314 of the Revised Statutes provides: "Whenever a person dies intestate, all of his estate shall vest immediately in his heirs at law * * * liable and subject in their hands to the payment of the debts of the intestate."

Article 3464 of the Revised Statutes provides: "Any creditor may sue any distributee, or he may sue all the distributees together, who have received any of the estate; but no one of such distributees shall be liable beyond his just proportion according to the estate he may have received in the distribution."

The mere fact that the bank might have at one time collected the money from J. J. Norwood would not relieve H. Norwood, if living, nor does it relieve his estate, from liability on said debt, since the note provides specifically that it could be extended from time to time without any notice to either party. Our courts have held uniformly that where there is only one debt against an estate, and it appears there has been no administration, and no necessity for any administration exists, that the holder thereof may sue the distributees of an estate and recover judgment for the amount of the debt, and that, if any property remains in the possession of the distributees, the creditor has a lien and is entitled to have same foreclosed against said property. Blinn v. McDonald, 92 Tex. 604, 46 S. W. 787, 48 S. W. 571, 50 S. W. 931; Thomas v. Bonnie, 66 Tex. 635, 2 S.. W. 724, 726; Mayes v. Jones, 62 Tex. 365; Byrd v. Ellis (Tex. Civ. App.) 35 S. W. 1070; Buchanan v. Thompson's Heirs, 4 Tex. Civ. App. 236, 23 S. W. 328.

In the case of Thomas v. Bonnie, supra, the Supreme Court, speaking through Judge Stayton, said: "He [the creditor] may sue any or all of the distributees who have taken any of the estate; but in such case the recovery against any distributee will be proportioned according to the estate he may have received in distribution." In the cases of Mayes v. Jones and Byrd v. Ellis, supra, judgment against the respective distributees for their proportionate amount of the debt as it related to the property received by each, respectively, was affirmed. The provisions of article 3464, copied above, state specifically that "the recovery against any distributee will be proportioned according to the estate he may have received."

Appellees denied under oath the execution by H. Norwood of the note sued on. The trial court, however, found that same had been duly signed by H. Norwood as a surety for J. J. Norwood. The trial court having found said debt to be valid, under the above statutes and authorities, it committed error in denying appellant any recovery against the distributees of H. Norwood's estate, who were parties defendant. Appellant, however, is not entitled to recover from each of the distributees the full amount of its debt, but is only entitled to recover from each of them the proportionate amount of its debt in proportion to the property received by each of them, respectively. Since the validity of the note in question was properly raised, and since it appears that some of the distributees have disposed of their interest in the estate, the record is not in such condition that this court can render a judgment for appellant.

The judgment of the trial court is reversed and remanded.

STANFORD, J., absent on account of illness.