CITY OF FORT WORTH, Appellant,

v.

Elizabeth BANNER et al., Appellees.

No. 16029.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 2, 1959.

Rehearing Denied Oct. 30, 1959.

R. E. Rouer, City Atty., S. G. Johndroe, Jr., Robert R. Goodrich, Martin Siegmund, Earl C. Morgan, James Price and G. Gordon Whitman, Assts. City Atty., Fort Worth, for appellant.

Hyder & Honts, and John B. Honts, Fort Worth, for appellees.

MASSEY, Chief Justice.

The City of Fort Worth filed suit for debt growing out of a failure to pay an amount assessed because of paving improvements theoretically enhancing the value of real estate. The defendant Elizabeth Banner, joined pro forma by her husband, was the sole heir of the individuals who owned the improved property at the time of the assessment.

Judgment was for the defendants and that the city take nothing. The plaintiff appealed.

Affirmed.

As disclosed by the judgment, entry thereof was upon evidence as stipulated by the parties and including the following:

In 1953, W. Yates and his wife, Alice Yates, owned a certain lot in a subdivision of Fort Worth which fronted on Berry Street.

In March of said year, the City of Fort Worth contracted with Worth Construction Company to improve Berry Street. The Construction Company completed said work and the city accepted same on October 31, 1953. In the interim, on June 3, 1953, the city passed an ordinance pursuant to which an assessment was purportedly levied against the aforesaid lot belonging to Yates and wife, but because such property was the homestead of these parties the ordinance was ineffective to create any lien though it did create a debt.

In November of said year, the City of Fort Worth officially issued its certificate of special assessment payable to Worth Construction Company and against Yates and his wife, which provided for five equal installments, plus interest thereon at 6% from October 31, 1953. The first of said installments was payable within 20 days from and after October 31, 1953, and the remaining four installments to accrue and become due one each annual period thereafter, including the last, which was due October 31, 1957.

None of said indebtedness was paid, although a credit was allowed upon each installment, reducing each of the five principal payments to the figure of $270.50.

All proceedings in connection with the assessment and its issuance were duly and regularly had and the ordinances duly and regularly enacted and adopted in compliance with pertinent statutes and ordinances, although the same did not operate to impose a lien upon the property in view of its status as a homestead.

W. Yates died on November 24, 1954, following the earlier death of his wife, and an administration of his estate was taken out on December 21, 1954. Mrs. Yates' will was probated for muniment of title only. At date of the death of W. Yates, he was the sole owner of the real estate heretofore mentioned and still claimed it as his homestead. Mrs. Elizabeth Banner was the sole heir and devisee of both W. Yates and his wife and was the executrix of the will of W. Yates.

Mrs. Elizabeth Banner has held and claimed sole title and possession of the real estate aforesaid since the death of W. Yates. As executrix she held the estate

open over one year and until March 8, 1956, during which period no claim predicated upon the assessment was ever filed.

On November 20, 1957, suit to collect the full amount of the assessment, plus interest and plus reasonable attorney's fees as provided by the ordinance and certificate, was filed by the city. The defendants named by said suit were Elizabeth Banner, her husband, E. A. Banner, and the Equitable Savings and Loan Association.

The defendants plead the two-year statute of limitation, Vernon's Ann.Civ.St. art. 5526, coupled with a general denial and some affirmative defenses.

We have reached the conclusion that the judgment is to be affirmed because the city must be held to have failed in the discharge of the burden of proof requisite to any judgment in its behalf under the particular circumstances of the case.

Except for the fact that the suit against Mrs. Banner was as an heir or devisee the proof would have been complete both as to liability and the amount thereof. Root v. Texas Bitulithic Co., Tex.Civ.App., Eastland 1958, 316 S.W.2d 293, error refused. However, since Mrs. Banner was an heir or devisee, though the only one, we are confronted with the question of whether the value of what she received equaled or exceeded the amount to which the city would ordinarily be entitled. There was no evidence resolving the matter. We know that Mrs. Banner received the same real estate that was owned by her parents at the time of the assessment for paving improvements. We do not know that she received any other property, real or personal. We could presume that as of the time the improvements were made the value of the property was enhanced to the extent of the principal amount of the assessment. Subsequently, additional amounts have become involved for the city seeks to collect interest on such principal amount and attorneys' fees for collection. Furthermore, for all we know from the record Mrs. Banner inherited the property aforesaid fully encumbered with indebtedness.

Consequently, though we know from the evidence that Mrs. Banner received property of some value, because of which the City of Fort Worth would be entitled upon proper proof to receive some satisfaction of part of the indebtedness established by its proof, we do not know the amount in money for which any judgment should be rendered against Mrs. Banner as an heir for the reason that no value has been established as to what she received. In view of Vernon's Ann. Texas St., Articles 3314, 3454, and 3529 (which were in effect at time the property was inherited), the value of the estate so received should have been ascertained, and in the event such value be not established or found to have exceeded the amount to which the city otherwise would appear to be entitled the judgment limited to the value actually received. Gulf Paving Co. v. Lofstedt, 1945, 144 Tex. 17, 188 S.W.2d 155. There was no evidence adduced in the instant case by the party charged with the burden of proof upon such matters. The question is: "Was the City charged with the burden of proof?"

In the case of Thomas v. Bonnie, 1886, 66 Tex. 635, 2 S.W. 724, 725, we find it hypothetically stated: "If this action was one against A. A. Thomas as a distributee, * * then it would be necessary for the plaintiff to show what proportion of the estate he received in the distribution; for in such an action a distributee would not 'be liable beyond his just proportion, according to the estate he may have received in the distribution.'" We believe that as applied to the situation in the instant case such language might be paraphrased as follows: "The action being against Mrs. Banner as the sole heir, * * * then it would be necessary for the City to show the value of the estate received by her; for in such an action the heirs would be liable to the owner of a claim not barred 'limited to the value of the property they may receive in * * * distribution.'"

We have concluded that the city was burdened with the duty, prerequisite to any right to compel the entry of a judgment in its favor, to establish not only the existence of the indebtedness of those from whom Mrs. Banner received her estate, but additionally to establish the value of the same as so received to at least the extent of any amount which it would be entitled to have decreed to it in the judgment. This additional burden the city failed to discharge, hence the take nothing judgment decreed by the court below should not be disturbed by an appellate court. We have explored the possibilities in the presumption that there would be a continuance in the existence of a condition shown to exist at a prior time, but necessarily have arrived at the conclusion that the city's omission of proof could be cured only by piling one presumption upon another.

The judgment is affirmed.