**M. W. PLUMMER, Sr., Appellant,**

**v.**

**C. H. DURDEN, Individually, and as Executor of the Estate of A. U. Durden, Deceased, and Ollie Durden, Appellees.**

No. 6746.

Court of Civil Appeals of Texas.

Beaumont.

March 17, 1966.

deceased and therefore necessary parties. Prayer was that such debt be impressed as a lien upon the estate of said deceased, and for costs of court.

The substance of defendant's answer was that as plaintiff did not pray for a judgment against Ollie Durden, she should not be a party to the suit; denial that the attorney's fee was just and reasonable and incurred as a result of representing the estate and a general denial.

Prior to trial, the executor, C. H. Durden, filed within the record of the case an instrument by him denominated as "Motion for Judgment nil dicit". By such instrument, he admitted that the debt for which plaintiff sued was fair, reasonable and just, and had been legally approved as a claim against the estate. He therein conceded that after an examination of plaintiff's second amended petition, he found no valid reason to contest the relief sought therein. He further prayed that said motion for judgment be granted in favor of plaintiff and against the estate of the deceased. Thereafter, Ollie Durden introduced an instrument into the record by which the court and all parties were notified that she, as surviving wife of the deceased, had elected not to take under the will in question, etc., said instrument being in all respects valid as an election not to take under said will and as a rejection thereof.

———◆———

M. W. Plummer, Sr., Houston, for appellant.

Robert F. Atkins, Coldsprings, for appellees.

HIGHTOWER, Chief Justice.

Plaintiff, M. W. Plummer, Sr., brought suit in the county court of San Jacinto County June 20, 1961, against Ollie Durden, individually, and against C. H. Durden, individually and as independent executor of the estate of A. U. Durden, deceased. Ollie Durden was the surviving wife of said deceased. The suit was brought to recover the sum of $430.00 for legal services performed by plaintiff in the probating of said deceased's last will and other services ancillary thereto. It was alleged that C. H. and Ollie Durden were the principal devisees and recipients of the estate of said

Thereafter, on the 29th day of April, 1964, the court rendered and entered judgment to the effect that Ollie Durden had elected to reject the terms of the will and instead thereof take as surviving wife under the laws of descent and distribution of said deceased and decreed that plaintiff recover $430.00 against C. H. Durden and that said judgment be impressed as a lien upon any and all property of the estate of said A. U. Durden, deceased, received by the said C. H. Durden under said will. It was further ordered that plaintiff take nothing against Ollie Durden and that all costs be adjudged against the "Defendant, C. H. Durden, deceased". Trial was

to the court without a jury. The parties will be referred to here as in the trial court or by name.

The cause is before us on an agreed statement of the parties, the pertinent substance of which being: The plaintiff's claim is reasonable and just. Ollie Durden testified she had never employed plaintiff. C. H. Durden said plaintiff had never rendered services for him personally but only as representative of the estate of A. U. Durden and that he, C. H. Durden, had not paid court costs personally or from the estate and that there were no liquid assets available to the estate to set aside for said claim.

Plaintiff's two points of error are in substance: The error of the court in restricting and diminishing plaintiff's right to have his judgment satisfied by any and all of the assets of the estate in the hands of the executor, and, also, there were no pleadings of defendants to support such restriction.

 The will of A. U. Durden was not introduced in evidence and, therefore, we have no knowledge of the contents of the same other than that C. H. and Ollie Durden were named as devisees therein. Under the circumstances, we think defendants' general denial was sufficient to put in issue and place the burden of proof upon plaintiff to establish that Ollie Durden's election to reject the will resulted in her receiving property which was subject to the debts of the deceased's estate. It is apparent that the trial judge reached his decision that she received no such property as the result of her election. Among the conclusions of fact and law found by the court are the statements:

(1) "Since there is no proof that Ollie Durden took anything under the will of A. U. Durden or inherited anything from A. U. Durden, plaintiff, M. W. Plummer, Sr., cannot recover judgment against Ollie Durden."

(2) "The will of A. U. Durden was not introduced into evidence so the court is not able to determine if Ollie Durden received any of the estate, if she took under the will at all."

(5) "Plaintiff failed to connect Ollie Durden in any way with his claim for attorney's fees * * *."

(6) "Under the ruling of City of Fort Worth v. Banner, Tex.Civ.App., 328 S.W. 2d 239, and Rule 269, Probate Code, a judgment against Ollie Durden is not proper."

Being of the opinion that the judgment of the trial court was correct, it is accordingly affirmed.