The TRAVELERS INSURANCE COM-
PANY, Appellant,

v.

Jimmie Lee WYATT, Appellee.

No. 8097.

Court of Civil Appeals of Texas,
Texarkana.

Dec. 12, 1972.

Rehearing Denied Dec. 27, 1972.

Victor Hlavinka, Atchley, Russell, Hutchinson & Waldrop, Texarkana, for appellant.

Errol Friedman, Harkness, Friedman & Kusin, Texarkana, for appellee.

DAVIS, Justice.

A compensation case. Appellee, Jimmie Lee Wyatt, was injured in the course of his employment for Dickey Clay Manufacturing Company, hereinafter referred to as "employer," in Texarkana, Bowie County, Texas, on August 19, 1968. He was carried to Dr. W. B. Harrell, M.D., who im-

mediately treated him for the injury. After medical treatment, including physiotherapy treatments, appellee was released for work on October 15, 1968. Appellee continued to work for his employer at the same kind of work that he was doing at the time of the injury until April 9, 1969, when he told his foreman that his leg was hurting him again. He was sent back to Dr. Harrell. There was no complaint about his leg hurting him at any time while he was on the job from October 15, 1968, until April 9, 1969. Dr. Harrell examined the appellee and said that he could not find anything wrong with him except maybe his knee was a little stiff and there was a little tenderness in the old scar. He sent him back to the physiotherapist who gave him a few treatments and he was released to go back to work about two weeks later. Appellee went back to work for his employer and did the same kind of work until March 16, 1970. During the course of work he did not complain to his foreman or to the employer about his leg hurting him or his suffering any disability whatever.

Appellee did not return to work after March 16, 1970. On March 27, 1970, he went to see Dr. C. G. Smith, M.D., an Orthopedic surgeon in Texarkana, Texas. According to the report that appellee gave Dr. Smith, he had received an old injury to his leg and had recently received a new injury. Dr. Smith wrote a letter to the Industrial Accident Board June 16, 1970, in which he stated: "He re-injured his knee doing the same kind of work shortly before he was seen in my office." In Dr. Smith's summary and conclusion he said: "This patient has had two injuries to his knee."

Appellee alleged that he had filed his claim with the Industrial Accident Board more than six months after the injury and that a good cause existed therefor. He alleged that the doctors had told him that he would be all right and that he believed what they said. As to whether or not the doctors told him that he would be all right,

appellee signed a written statement on September 13, 1968, which reads as follows:

"9–12–68          Texarkana, Texas

"My name is Jimmie Lee Wyatt, age 50, married and reside at Route 4, Box 614, Texarkana, Ark. Phone 645–2125. This is out highway 67 and hit (sic) F.R. 296. I have been employed with the Dickey Clay Mfg. Co. for about two years. My average weekly wage is $70.00. Before that I was employed with H. E. Wright Const. Co. for twelve years. I elect to take my coverage of workmen's compensation under the Arkansas Comp. law. I live 25 miles out and I am having to come to the doctor each day since I got hurt and I have missed only three days. This does not count Sunday. On August 19, 1968, about 9:30 P.M. right after the supper break, I was taking a 24‴ pipe off the line and the chain broke, the pipe fell and hit my leg. This was my left leg and I was taken right on to the emergency room of Wadley Hospital. I have been going to Dr. Harrell and he has sent me to Dr. Smith for physical therapy. Dr. Harrell said if I did not go I would have a stiff leg. I have been going every day for the treatment and this should continue through next week. I have read the above statement and it is true and correct to the best of my knowledge.

/s/ Jimmie Wyatt"

This shows that appellee knew that he was entitled to Workmen's Compensation benefits and that he would have to do something toward filing a claim to get it. This statement was signed less than a month after the injury.

When appellee did file his claim for Workmen's Compensation, if he did file such claim, he filed it against The Travelers Insurance Company, as the Insurer, with the Industrial Accident Board of the State of Texas. The Industrial Accident Board granted him leave to file the claim late and granted him certain compensation

benefits. Appellant perfected its appeal and filed suit in the District Court of Bowie County, Texas.

Appellee filed an answer and a cross-action. Appellant filed an answer which was verified under Rule 93, Texas Rules of Civil Procedure in which it alleged that there was no good cause for not filing the claim with the Industrial Accident Board within six months period provided by statute. Rule 93, Sec. (n)(2), (7) T.R.C.P. Appellant alleged in this verified pleading, that the claim for Workmen's Compensation was not filed with the Industrial Accident Board of the State of Texas within six months from the date of the claimed accidental injury, and that good cause did not exist for the failure to file the claim for Workmen's Compensation before the Industrial Accident Board of the State of Texas within six months from the date of injury and denied that good cause existed up until the time said claim was filed.

The case was tried before a jury. Appellee did not prove the date of the filing of his claim for Workmen's Compensation with the Industrial Accident Board at all. Under the pleadings, we think the proof of the date of filing of the claim for Workmen's Compensation is mandatory. Anyway, the jury answered all special issues in favor of the appellee. Appellant has perfected its appeal and brings forward five points of error.

Appellant says the trial court erred in holding that the appellee established good cause for delay in the filing of his claim for Workmen's Compensation; in holding that the appellee established that good cause for delay in the filing of his claim for Workmen's Compensation existed until such time as the claim was filed; in holding that the appellee established that good cause for delay in the filing of his claim for Workmen's Compensation existed until such time as the claim was filed when there was no showing in the record as to the date when such claim was filed; in holding that the trial court was vested with jurisdiction to determine this cause since the appellee failed to establish that good cause for delay in the filing of this claim for Workmen's Compensation existed until such time as the claim was filed in view of appellant's verified denial of the filing of such claim with the Industrial Accident Board within six months from the date of the claimed accidental injury; and, in holding that the trial court was vested with jurisdiction to determine this cause since the appellee failed to establish that good cause for delay in the filing of his claim for Workmen's Compensation existed until the date the claim was filed in view of appellant's verified denial of the existence of good cause for delay in the filing of such claim until it was filed.

After all of the evidence had been presented by both sides, after both sides had rested, and before the trial judge had read his written charge to the jury, appellant, as defendant, made its motion for an instructed verdict for the following reasons and upon the following grounds:

"Plaintiff's evidence has failed to show the date upon which a claim was filed with the Industrial Accident Board of the State of Texas, in the face of a verified denial of a timely filing of such claim within six months of the injury, and consequently there is logically no possible way for the plaintiff to have shown by the evidence that good cause for failure to file his claim existed up until the time of the actual filing of same with the Industrial Accident Board. Stated another way, there is no evidence in the record to show or tend to show that good cause existed for the plaintiffs failure to file his claim up until the time of the actual filing of same with the Industrial Accident Board, whereby there has been a failure to show a requisite jurisdictional fact, since Travelers has under oath denied the timely failing of a claim, and this court is without jurisdiction in this matter.

Respectfully submitted, Victor Hlavinka, Attorney for Travelers Insurance Company, Defendant in this cause.

"THE COURT: Overruled.

MR. HLAVINKA: To which defendant excepts."

As is noted, the trial court overruled this motion for an instructed verdict. Appellant also filed special exceptions to the court's charge in the submission of Special Issues No. 10 and 11 which inquired if the appellee believed that his injury would heal without resulting in disability and such belief caused him to delay in filing a claim for compensation with the Industrial Accident Board until such claim was filed. Of course, there was no proof that any Workmen's Compensation claim was ever filed with the Industrial Accident Board.

Appellee cited but one case in support of his theory of the late filing of the Workmen's Compensation claim. Appellee says that the construction of the applicable statutes, Article 8307, Sec. 4a, Vernon's Ann. Civ.St. suggest " . . . [it is to] be construed liberally in favor of the claimant." Harleysville Mutual Insurance Co. v. Frierson, Tex.Civ.App., 1970, 455 S.W.2d 370, N.W.H. In this case, the injury occurred on January 2, 1967. Dr. J. N. Frierson filed a claim in behalf of himself and Memorial Baptist Hospital on April 12, 1967. This was clearly within six months from the date of the injury. A careful study of this case does not seem to be in point.

We are afraid that the case at bar does not present a question of fact, but, in truth and in fact only presents a question of law. Appellee signed a statement in less than a month after his injury that he would elect to file his claim with the Arkansas Industrial Accident Board.

Appellee was treated by two doctors in this case. One, the doctor for the employer and the appellant, and another, the doctor of his own choosing. He did not make any complaint to the foreman of his employer, or to the employer, about his legs continuing to hurt him after August 19, 1968, until the time that he actually filed his claim for Workmen's Compensation, if he did. Therefore, we think the only question we have to decide is one of law. Justice Hamilton of the Supreme Court of Texas said, in Texas Employers Insurance Association v. Brantley, 1966, 402 S.W.2d 140:

" . . . . Although the question of whether the claimant used the degree of diligence required is ordinarily one of fact, the evidence in a particular case may point to a lack of diligence on the part of the claimant as the only reasonable conclusion and this then becomes a question to be decided as a matter of law. Texas Casualty Insurance Company v. Beasley, 391 S.W.2d 33 (Tex.Sup., 1965); Hawkins v. Safety Casualty Co. [146 Tex. 381, 207 S.W.2d 370], supra."

It is our holding that the evidence in this case shows, as a matter of law, that the appellee did not exercise the degree of diligence in the filing of his claim for Workmen's Compensation which a reasonably prudent person would have exercised under the same or similar circumstances. No good cause actually existed to justify the appellee in his delay in the filing of his claim for Workmen's Compensation. Such is the holding in Texas General Indemnity Company v. McIlvain, Tex.Civ.App.1968, 424 S.W.2d 56(n. w. h.). The points of error are sustained.

The judgment of the trial court is reversed and judgment is here rendered that the appellee take nothing.

RAY, Justice (concurring).

I concur with the majority opinion that the claimant must prove the date of filing his claim for workmen's compensation with the Industrial Accident Board when the insurer has filed his verified denial in accordance with Rule 93(n)(2), (7), Tex.R. Civ.P. Apparently the claimant believed the insurer's answer to claimant's interrog-

atory No. 3 was sufficient proof that notice and claim for injury had been timely made. The answer stated by the insurer was as follows:

"Apparently notice of injury and claim for compensation concerning an alleged injury of August 19, 1968, was timely made; whether or not such notice and claim were timely made for subsequent injuries incurred by defendant is unknown at this time."

Answers to interrogatories made pursuant to Rule 168, Tex.R.Civ.P., must be introduced into evidence at the time of trial in order to be of any probative value. Such answers are not to be treated as admissions made pursuant to Rule 169, Tex.R.Civ.P. Ford Motor Credit Company v. Draper, 401 S.W.2d 848, 850 (Tex.Civ.App.Texarkana 1966, no writ). Claimant's failure to introduce interrogatory No. 3 and its answer into evidence was fatal to his cause in the trial court.