W. B. RICHARDS et al., Appellants,

v.

Edward BOETTCHER, Jr., Individually and as Executor of Estate of Edward Boettcher, et al., Appellees.

No. 8228.

Court of Civil Appeals of Texas, Texarkana.

Nov. 5, 1974.

Rehearing Denied Dec. 10, 1974.

Lowell C. Holt, Gilmer, for appellants.

Kenneth L. Ross, Sharp, Ward & Ross, Longview, for appellees.

RAY, Justice.

This is a suit for damages growing out of a real estate transaction. Edward Boettcher, Jr., individually and as executor of the estate of his father, Edward B. Boettcher; and Joseph Clinton Boettcher, Mrs. Joyce M. Winkler, and Bennora C. Boettcher, appellees (plaintiffs) brought suit against W. B. (Boone) Richards, Laura Wood Davis, Carl C. Crook, Jr., Robert R. Wood, Jack Wood, Lois K. Wood, Nancy Croley, Mary Ann Hudgins and Frances Jane Holt, appellants (defendants) to recover damages sustained as the result of a title defect in the sale of lots 1 through 11 of Block 7 of the Richards Estate Addition to the City of Kilgore, Gregg County, Texas. Following a non-jury trial, the 188th judicial District Court of Gregg County awarded damages to appellees against all of the appellants, jointly and severally, in the amount of $8,143.66. All appellants, with the exception of Jack Wood, have duly appealed to this court, submitting five points of error for our consideration. Jack Wood was served with citation by publication and failed to appear or file his written answer in the trial court.

The judgment of the trial court is reversed and rendered.

This suit was brought by the heirs of Edward Boettcher, deceased, against the supposed heirs of Mrs. F. J. Richards, deceased. Edward Boettcher died on October 6, 1967, and this suit was not instituted until July 23, 1971. Mrs. Richards died subsequent to May 13, 1948. Appellees did not established the heirship of Mrs. Richards with the exception that W. B. (Boone) Richards testified that he was the son of Mrs. F. J. Richards. No attorney ad litem was appointed to represent Jack Wood who was served by publication.

On February 17, 1931, Mrs. F. J. Richards executed a mineral deed to W. C. Windsor conveying an undivided one-half interest in all oil, gas and other minerals under the West 150 acres of a 305 acre tract in the Mary VanWinkle Survey, Gregg County, Texas. On May 13, 1948, Mrs. Richards executed a warranty deed to Edward Boettcher conveying lots 1 through 11 in block 7 of the Richards Estate Addition. These lots were a part of the West 130 acres of the 305 acre tract. In the Boettcher deed, it was stated, "Mrs. F. J. Richards reserves for herself, her heirs and assigns, and excepts from any and all conveyances or deeds covering lots in said subdivision all the oil, gas and other minerals in, on, and under the said subdivision, but agrees that no well shall be drilled on such land, and to the end no well can be drilled upon any part thereof she conveys all right of ingress and egress for any such purpose."

Edward Boettcher took possession of the lots conveyed and operated a lumberyard on the lots until his death on October 6, 1967.

The testimony established that the Windsor deed was placed of record in 1931 and that if anyone searched the records in 1948, the mineral deed could have been found and that the Windsor mineral deed was a part of the chain of title at the time that Edward Boettcher purchased the land. It was further established that at the time that Boettcher purchased the lots in 1948,

the mineral interest of Windsor was outstanding, but no oil well had been drilled on any of the lots.

When Earl Hollingsworth agreed to purchase the lots from the Boettcher Estate it was found that the Windsor mineral interest was outstanding and that when Mrs. Richards had purported to convey all of the drilling rights to Boettcher, that she could not have done so. Hollingsworth demanded that the Boettcher Estate obtain waivers of drilling rights from those who owned the minerals and royalties. The Boettcher Estate complied with the Hollingsworth demand and thereafter sought recovery of its expenses and damages as a result of having to secure the waivers.

Neither appellee nor appellant requested the trial court to file findings of fact or conclusions of law.

■ There was no evidence or testimony introduced which established the identity of the heirs of Mrs. F. J. Richards. The appellees had the burden of proof to establish the heirship of Mrs. F. J. Richards; that her heirs received from her estate something of value and the value of the property each heir received. There is no evidence in the record to establish the amount, value or extent of property received by any heir from Mrs. F. J. Richards. Appellees having failed in their burden of proof should have been denied any recovery by the trial court. Thomas v. Bonnie, 66 Tex. 635, 2 S.W. 724, 725 (Tex. 1886); City of Fort Worth v. Banner, 328 S.W.2d 239, 241 (Tex.Civ.App. Fort Worth 1959, writ ref'd n. r. e.). See also Tex as Probate Code Section 269 and 318, V.A.T.S. Since an heir is liable only to the extent of the value of property received by him in a partition and distribution of his ancestor's estate and since there was no proof of the several liability of any heir, appellants' point of error No. 4 will be sustained.

The judgment of the trial court is reversed and judgment is here rendered that appellees take nothing in their suit against appellants.

## ON MOTION FOR REHEARING

Appellees insist in their motion for rehearing that they had met their burden of proof of establishing the identity of the heirs of Mrs. F. J. Richards "because the answers to appellees' interrogatories were on file which set out this information and the trial court is presumed to have read pleadings on file in the cause tried before it.

■ In a jury trial or trial to the court, answers to interrogatories made pursuant to Rule 168, Texas Rules of Civil Procedure must be introduced into evidence in order to be of any probative value. Such answers are not to be treated as admissions made pursuant to Rule 169, Tex.R.Civ.P. "It is our conclusion that Rule 168, T.R.C.P., unlike Rule 169, T.R.C.P., which deals with admissions, logically requires the offer and acceptance into evidence of the interrogatories before same may be considered as evidence in support of a judgment." Barnwell v. Fox & Jacobs Construction Company, 469 S.W.2d 199, 206 (Tex.Civ.App. Dallas 1971, no writ). See also the concurring opinion in The Travelers Insurance Company v. Wyatt, 488 S.W.2d 897 (Tex.Civ.App. Texarkana 1972, no writ); 2 McDonald, Tex. Civ.Proc. 530, Sec. 10.02.21–3. Interrogatories to Parties.

Appellees' motion for rehearing is overruled.